## Wilburn v. Auto Exchange, et al.

(Decided February 27, 1923.)

### Appeal from Jefferson Circuit Court (Common Pleas, Third Division).

Master and Servant—Compensation Claim Barred by Delay in Filing.—The requirement of Ky. Stats., sections 4914, 4915, a part of the workmen's compensation act, that written notice of any accident shall be given the employer, is merely directory, and, when the employer has full knowledge of the accident and the injury, written notice is not necessary, but the requirement that

written claim be filed within one year is mandatory, and when it was not complied with, the right to compensation was barred.

S. A. ANDERSON for appellant.

O'NEAL & O'NEAL for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellant Wilburn was employed as a mechanic in the shops of the Auto Exchange, in Louisville, when a sliver of steel struck him in the eye and so injured it that he has since lost the sense of sight in it. At the time of the accident and injury both Wilburn and the Auto Exchange had accepted the benefits of the workmen's compensation act and were operating thereunder. Immediately upon the happening of the injury Wilburn called the attention of his foreman to the fact and asked him to look in his eye and see if he could not remove the object. The foreman attempted to aid Wilburn but was unable to remove the sliver. Later Wilburn went to an oculist and other persons trained in the treatment of the eyes for the purpose of obtaining relief, and after that was in a hospital where, by the use of a magnet, they undertook to draw the steel from his eye, all without success. The injury happened on the 31st of January, 1918, but Wilburn filed no claim for compensation, as required by section 4914, Kentucky Statutes, until April 12, 1920. The board administering the workmen's compensation act, after hearing appellant Wilburn, held his claim barred by limitation. From that holding Wilburn appealed to the Jefferson circuit court, where the ruling of the board was affirmed. He has prosecuted the appeal to this court.

He insists upon two things: (1) That where an employe notifies his employer of the accident resulting in his injuries, limitation does not run against his claim for compensation; (2) an injured employe is not compelled to file a claim for compensation with the workmen's compensation board within twelve (12) months after the happening of the accident resulting in his injury. Neither of these contentions can be supported either by reason or authority. Section 4914, Kentucky Statutes, provides:

"No proceeding under this act for compensation for an injury or death shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable after the happening thereof; and unless a

claim for compensation with respect to such injury shall have been made within one year after the date of the accident, etc.''

The next section provides:

''That such notice and such claim shall be in writing.''

While there was no written notice given by appellant Wilburn to the Auto Exchange, as required by section 4915, it reasonably appears that the Auto Exchange had full knowledge of the accident and injury, and in such case a written notice was not necessary. Unless the employer is misled to his injury by failure of the employe to give notice, a notice which does not conform to section 4914 will be sufficient, and it is further provided in the act that want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown that the employer, his agent or representative, had knowledge of the injury and that such delay or failure to give notice was occasioned by mistake or other reasonable cause. Section 4972, Kentucky Statutes; Bates & Rogers Construction Company v. Allen, 183 Ky. 815. The authorities generally are in accord upon this subject, holding that any fact or circumstance which brings to the attention of the employer or his principal representative knowledge that the employe has received an injury will be sufficient. In other words, the requirements of sections 4914 and 4915, Kentucky Statutes, with respect to the written notice to be given to the employer is directory merely.

That part of the statutes, section 4914, which requires the claim for compensation with respect to the injury to be filed within one year after the date of the accident is mandatory and must be complied with. So holding are all the texts upon the subject so far as we are advised, and the courts where the statutes are in substance the same as the one under which we are operating. 28 R. C. L. 825; Corpus Juris, Treatise on Workmen's Compensation, page 126; Dosker on Compensation. p. 259; Schneider on The Law of Compensation, p. 1466. See notes to 1916A, L. R. A. 85; 1918A, L. R. A. 556.

The legislature in its wisdom fixed the period in which the injured employe may file claim for compensation with the employer at one year from the happening of the injury. It was within its powers when it did so, and this court is not warranted in putting upon that section of the statutes a construction contrary to that plainly ex-

pressed and evidently intended by the legislature, and we must, therefore, hold that as appellee Wilburn did not file his claim for compensation until the 12th of April, 1920, although he received his injury on January 31, 1918, a period of more than one year, in fact more than two years, the statutes had barred and tolled his rights. However regrettable this may be in this particular case, it is the law as fixed by our General Assembly.

Judgment affirmed.