## Bates & Rogers Construction Company v. Emmons.

(Decided October 14, 1924.)

### Appeal from Mason Circuit Court.

1. Master and Servant—Written Notice Unnecessary where Employer's Representative Agent in Charge of Business had Knowledge of Injury.—Written notice of injury is not necessary under Ky. Stats., sections 4914-4917, where employer or his representative had knowledge of injury, and claim for compensation is made within one year after accident, and officer or agent of corporation in charge of business at place where injury occurred is representative of corporation for this purpose.

2. Master and Servant—Knowledge of Physical Injury Held Notice of Injury to Eye.—Knowledge by representative of employer that cable struck servant across nose and corner of eye, and knocked him down, carried with it notice that eye was injured, so that written notice was unnecessary, under Ky. Stats., section 4914-4917, where claim for compensation was made within one year.

WORTHINGTON, BROWNING & REED for appellant.

A. D. COLE, H. W. COLE and H. B. BEST for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

On August 6th, 1918, appellee Emmons was in the
employment of the appellant at lock and dam 33 on the
Ohio river. There was a barge load of rock which they
were sending over to the coffer dam and there was a
cable wire to carry the bucket when loaded. Emmons,
with several others, was shoveling rock into the bucket
when the man at the other end undid the rope above and
the cable flew up and struck Emmons across the bridge
of his nose and left eye. The blow knocked him back-
wards and blinded him. He was bleeding profusely from
the nose and was taken by the company's servant to the
company's doctor, Dr. Quigley. Dr. Quigley was out and
they then took him to Dr. Taylor, as he was bleeding fast.
Dr. Taylor finally corked up his nose so as to stop the
flow of blood, but the nose bled for a day and a half. The
company paid Dr. Taylor for his services. Emmons
stayed off of work four days and when he went back they
gave him a job to stand cutting wire off cement sacks and
told him not to stoop but to hold himself up and keep as
quiet as possible. Up to that time his eyesight was good;
after that his left eye gave him trouble and gradually
got worse. On July 26, 1919, he filed an application for
adjustment of claim before the workmen's compensation
board for the injury to his eye. Proof was taken and on
final hearing the board dismissed the claim on the ground
that notice of the injury had not been given as provided
in the statute. Thereupon Emmons filed in the circuit
court his petition for review, and on final hearing in that
court a judgment was entered that notice of the injury
to the appellee's eye was given shortly after the accident
and the award of the board dismissing the claim was re-
versed, with directions to the board to set aside the award
and for further proceedings consistent with the opinion
of the circuit court. The employer appeals from this
judgment.

The statute regulating the matter of notice in these
cases is as follows:

"No proceeding under this act for compensation
for an injury or death shall be maintained unless a
notice of the accident shall have been given to the
employer as soon as practicable after the happening
thereof and unless a claim for compensation with re-
spect to such injury shall have been made within one

year after the date of the accident, or, in case of death, within one year after such death, whether or not claim has been made by the employe himself for compensation. Such notice and such claim may be given or made by any person claiming to be entitled to compensation or by some one in his behalf. If payments of compensation as such have been made voluntarily the making of a claim within such period shall not be required, but shall become requisite following the suspension of such voluntary payments.

"Such notice and such claim shall be in writing and the notice shall contain the name and address of the employe and shall state in ordinary language the time, place of occurrence, nature and cause of the accident, with names of witnesses, the nature and extent of the injury sustained and the work or employment in which the employe was at the time engaged and shall be signed by him or a person on his behalf, or, in the event of his death, by any one or more of his dependents or a person on their behalf. The notice may include the claim.

"Any such notice of claim shall be given to the employer, or if the employer be a partnership, then to any one of the partners. If the employer be a corporation, then the notice may be given to any agent of the corporation upon whom process may be served, or to any officer of the corporation or agent of the corporation in charge of the business at the place where the injury occurred. Such notice or claim may be given by delivery to any of such persons or in the manner provided for in section 4904 hereof.

"Such notice shall not be held invalid or insufficient by reason of any inacurracy in complying with section 4915 hereof unless it be shown that the employer was in fact misled to his injury thereby. Want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown that the employer, his agent, or representative had knowledge of the injury or that such delay or failure to give notice was occasioned by mistake or other reasonable cause." Kentucky Statutes, 4914-7.

No written notice was given by appellee at any time, but the claim for compensation was made within one year after the date of accident. By the express provision of the statute want of notice is not a bar to the proceeding

if the employer or his representative had knowledge of the injury and the officer or agent of the corporation in charge of the business at the place where the injury occurred is a representative of the corporation for this purpose. It is conceded in the evidence that the representatives of the employer at the place of the accident had knowledge that the cable had struck appellee across the bridge of the nose and the corner of the left eye, as above stated, knocking him down and causing a hemorrhage from the nose. But it is insisted that they had no notice that his eye was injured, and this is the thing for which compensation is now being claimed. But notice of a physical injury carries with it notice of all those things which may reasonably be anticipated to result from it. Such an injury to the bridge of the nose and the corner of the left eye as appellee sustained would naturally be expected to affect the eye, and as appellant knew all about the physical injury we do not see that it can complain that notice was not given that the eye was affected, for such injury would naturally affect the eye. Besides appellee testifies, without contradiction, that his eyesight was good before; that afterwards it was bad; that the difference existed right away; that he told them that his eye was hurt and he could not see out of it to do any good, and they all knew his eye was hurt. His testimony to this effect is confirmed by the character of work which the boss set him to doing on his return four days later.

On the whole case we see no reason for disturbing the judgment of the circuit court.

In Bates & Rogers Construction Co. v. Allen, 183 Ky. 815, which is relied upon for appellant the facts were different. There the court said:

"An employe might get hit and not sustain any injury or he might get hit and sustain an injury so trifling as that no medical or other attention would be needed, or he might get hit and receive such an injury as that attention and treatment would be required."

The proof there brought the case within the first class indicated. The proof here brings this case within the last class.

Judgment affirmed.