## Clover Fork Coal Co. et al. v. Washington.

(Decided March 3, 1933.)

A. G. PATTERSON for appellants.

J. LEONARD DAVIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Affirming.

On the night of December 6, 1929, George Washington, a colored miner working for the appellant, called in Dr. R. F. Porter, the company doctor, to attend him in an illness. Washington was ill all that night, the next day, and died early on December 8th following. There was made out by Washington's widow on December 12, 1929, on form 11 of the Workmen's Compensation Board, an application for the adjustment of her claim for workmen's compensation based on the death of her husband; she asserting that he had been injured while working in the mines of appellant on December 6th in an accident arising out of and in the course of his employment, from which accident he had died on the 8th following. This claim was filed by January 2, 1930, with the Workmen's Compensation Board, and the appellant was by then called upon to defend the claim. After proof was heard, the case

was submitted to the board. Its order first sets out the testimony of Dr. Porter and the testimony of two negro physicians who performed an autopsy on the deceased; Dr. Porter's testimony being to the effect that the deceased did not die because of any traumatic injury, and the other physicians' testimony being to the effect that he did. The order then concludes:

> "The record does not show to the satisfaction of this Board that there was any notice given to the defendant of a traumatic injury to Washington that arose out of and in the course of his employment, so with reference to notice sections 34, 35 and 36 of the Workmen's Compensation Act have not been complied with and his claim is hereby dismissed."

Thereupon the appellee petitioned the board to set aside this order for the purpose of permitting her to take more proof, which the board refused to do. She then filed this petition for review in the circuit court, which adjudged that the order of the board dismissing the claimant's application because notice of the accident had not been given the employer was erroneous and therefore should be set aside and held for naught. The case was remanded to the Compensation Board "with directions to hear the parties, take proof and decide the case upon its merits." From that judgment this appeal is prosecuted.

Appellants in this court argue very earnestly that not only did the board dismiss appellee's application because of lack of notice, but also because in the board's judgment the evidence failed to disclose that George Washington's death was caused by a traumatic injury arising out of and in the course of his employment. In this the appellant undoubtedly errs, for a reading of the order of the board discloses that on the merits the board contented itself with simply setting out the medical testimony which had been produced on the trial before it and coming to no conclusion as to the merit of that controversy. The board dismissed the appellee's application solely on the ground that notice of the alleged accident had not been given the employer as the Compensation Act requires. Section 4914 et seq., Kentucky Statutes. On this issue the evidence before the board discloses that Dr. Porter, the company doctor, testified positively that no notice of the accident

in the mine was given to him the night he waited on George Washington, although he does say that something was said about Washington having received a strain that day while working in the mines. The testimony for the appellee is to the effect that Dr. Porter was told all about an accident which happened to Washington that afternoon in the mine and which it is claimed is the cause of his death. But even if it be conceded that no notice was given that night to appellant or to any of its agents who could receive notice for it, the following undisputed facts appear in the record: First. Washington's widow and her witnesses claim that Washington was hurt in the afternoon of December 6th in an accident arising out of and in the course of his employment. All the medical testimony is to the effect that he suffered much pain all that night, was sick all day of the 7th, and died early on the 8th. His family, including his widow, was then living in Virginia and he was alone in Kentucky except for friends with whom he was living. The application for compensation was made out by Washington's widow on December 12th and was filed not later than the second of the following January. There is no showing that the employer was misled to his injury or prejudiced in any manner by this delay in receiving knowledge of the claim. There being no dispute on these facts, there is left only a question of law. On questions of law, the court may review the actions of the Compensation Board. Jellico Coal Mining Co. v. Chatfield, 200 Ky. 842, 255 S. W. 842. Section 4914 of the Statutes does not require notice of the accident to be given to the employer on the same day of the accident or even immediately, but only "as soon as practicable" after the happening of the accident. In the very early case under our Compensation Act of Bates & Rogers Construction Co. v. Allen, 183 Ky. 815, 210 S. W. 467, 474, we pointed out that the words "as soon as practicable" are to be liberally construed. We there said:

"The law was primarily intended for the protection and benefit of employees, and its beneficent purpose should not be defeated by a strict or technical construction that would deprive the employee of the compensation to which he would clearly be entitled without contest if he had prosecuted his claim with diligence."

Section 4917 of the Statutes provides:

"Such notice shall not be held invalid or insufficient by reason of any inaccuracy in complying with section 4915 hereof unless it be shown that the employer was in fact misled to his injury thereby. Want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown that the employer, his agent or representative had knowledge of the injury or that such delay or failure to give notice was occasioned by mistake or other reasonable cause."

In the instant case, it is claimed that the accident from which Washington died happened on December 6th. There can be no argument that he was very ill that night, was sick unto death the following day, and that he passed away early on the 8th. His widow was not at hand. The inference is clear that as soon as Washington was buried, she set about to file her claim for compensation. The forms were made out on December 12th and filed by the first of the year. No prejudice is shown to have resulted to the appellant by this delay in filing the claim. It may be argued, however, that under section 4914 of the Statutes, a claim cannot be filed without previous notice of the accident. We have held that the requirement of section 4915 that notice shall be given in writing is directory and not mandatory. See Wilburn v. Auto Exchange, 198 Ky. 29, 247 S. W. 1109. Section 4917 of the Statutes itself provides that want of notice is not fatal to a proceeding under the act if the employer has actual knowledge of the accident. We are therefore of the opinion that if the claim be filed with the Compensation Board and the employer notified thereof within the time when notice of the accident should have been given under section 4914 of the Statutes, the requirement of notice is substantially complied with. Cf. Ames Body Corporation v. Vollman, 199 Ky. 358, 251 S. W. 170. Such was the fact here. We are therefore of the opinion that under the undisputed facts of this case, the employer had notice as and when the statute requires, for which reason the circuit court correctly set aside the order of the board dismissing the application for compensation because of lack of notice and remanded the case to that body for a hearing on the merits.

The judgment is affirmed.