## Washington v. Clover Fork Coal Co. et al.

(Decided June 11, 1937.)

B. M. LEE, C. T. DOTSON and A. G. PATTERSON for appellees.

B. M. VINCENT, Attorney General, for Compensation Board.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This is the second appeal of this case, but the ques-

tion involved upon the first is altogether different from the one here presented. There the question presented was whether the written notice given of the accident substantially satisfied the requirements of the statutes as to same (Kentucky Statutes, secs. 4914, 4915, and 4917).

The petition, filed with the board after such notice given, failed to state that the death of this employee, George Washington was due to a traumatic injury, and it was dismissed upon the ground that the said notice was insufficient.

The case was, upon appeal from this award, by the Harlan circuit court reversed and its judgment appealed from was here affirmed. See Clover Fork Coal Company v. Mary Washington, 247 Ky. 848, 57 S. W. (2d) 994.

Upon a remand of the case to the board, further evidence was taken as to the facts and circumstances of the accident alleged sustained by the deceased employee, George Washington, in the course of and arising out of his employment and claimed to have caused his death. A reference to this reported case, as stated supra, is made for a statement of these facts and circumstances under which the accident is claimed to have occurred.

It is sufficient, for the purpose of considering what we conceive to be the one question presented upon this appeal, to state that it is stipulated in the record that both parties, at the time the accident is alleged to have been sustained, were working under the provisions of the Workmen's Compensation Act (Ky. Stats. sec. 4880 et seq.) and that the accident, if it occurred, arose out of and in the course of the decedent's employment.

It is the contention of deceased's widow, as presented by her application and the supporting testimony of her witnesses, that on the evening of December 6, 1929, while her husband was working in the mines of the coal company loading coal and was, with his fellow workman, McKinley Baldwin, pushing a heavily loaded mine car up a grade, his feet slipped from under him, causing him to fall on the car tracks and his body, in falling, to strike a large piece of coal, severely injuring him.

Dr. Porter, the company physician, was called to see Washington. He at the time examined him and tes-

tifies that no such history of the case as claimed by appellee was then given him by the deceased, and that he made no reference to having fallen at the mines. However, it appears by the testimony of the widow's witnesses that the injury was sustained by the deceased as stated, which was so serious, and he so severely hurt as to incapacitate him from further work, and to cause him so great suffering that from such injury he died within some thirty hours thereafter.

The testimony, on the other hand, of Dr. Porter and other witnesses for the coal company, is that the examinations made of the deceased did not show that his death resulted from traumatic injury.

The evidence is further that the widow, the appellant, Mary Washington, had an autopsy made upon the body of her husband by certain doctors, who testified that the result of such examination strongly tended to show that the death of the deceased was due to a traumatic injury received in his fall while engaged at work in the company's mines as stated.

Mr. Herbert Carr, the referee of the Workmen's Compensation Board, upon a hearing and consideration of appellant's application made for compensation for the employee's death, found that the decedent had died as the result of a traumatic injury sustained by him, which arose out of and in the course of his employment under the defendant company; and that his average weekly wage was at the time of his death $16.80. Upon this finding, an award was made on August 21, 1934, to the deceased's dependent and widow of compensation in the sum of $10.92 per week for a period of 335 weeks, beginning December 8, 1929, with 6 per cent. interest on all weekly payments past due.

A full board review of this finding and award was within 7 days thereafter petitioned by the defendant coal company and allowed, in harmony with the provisions of section 4934, Kentucky Statutes, upon which thereafter, on April 2, 1935, the full board reported its finding of fact and award made upon its reconsideration and review of the earlier award made by its referee, wherein same was reversed, the board's finding being as follows:

"Granting that the deceased did suffer a fall such as Baldwin describes, is there sufficient medical testimony offered that could possibly lead this

Board, without its indulging in speculation, to an intelligent conclusion as to the cause of death? We think not, and not being permitted to speculate between an alternative theory which would require an award of compensation and one which would not, the within application must be, and is dismissed.''

Thereupon, on behalf of Mary Washington, on April 8, 1935, her attorneys filed motion for a full board review of this order. The defendant then filed its counter-motion to dismiss plaintiff's motion for a full board review, upon the theory that such second full board review, moved for, could not be granted, but that an appeal to the circuit court was her only remedy authorized by the act.

The full board, in passing upon these motions for and against a second full board review, on July 2, 1935, by two of its three members sustained plaintiff's motion for a second full board review of the earlier full board review and award of April 2, in part saying:

"Defendant's motion to dismiss, we believe, presents a question of first impression in Kentucky. While we know of no precedent, and we have been cited none by counsel, we do have analogy in the practice before our court of appeals. In that court the aggrieved party is permitted to file a petition for rehearing when the court's previous decision in his favor has been reconsidered on a petition for rehearing filed by the other party and the previous decision set aside. We are impressed that this should be the rule in the practice before this board and that the award of April 3rd, 1935, which overruled the award of the referee entered. The amended award became a new and original opinion from which the aggrieved party [in this case, Mary Washington] had the right to file the motion for a full board review.''

Holding such view, defendant's motion to dismiss the motion for a full board review of its order of April 2, 1935, was overruled, plaintiff's motion for a full board review was sustained, its award of April 2, 1935, set aside, and in lieu thereof the board adopted the order and award (of its referee) made August 21, 1934, and the plaintiff, in conformity therewith, was awarded the compensation as therein provided.

From this majority opinion of the board, so hold-

ing, a dissent was written by its chairman, which is as follows:

"Regardless of the merits of this case, it is the opinion of Ben B. Petrie, Chairman of this Board, that the order entered herein on April 3, 1935, by the full board and referred to in the opinion and order this day entered by the full board, constitutes a final order in this case, and remedy of plaintiff should be by appeal from the said order of April 3, 1935."

Also, from this ruling of the board, an appeal based upon the theory of the dissent was prosecuted to the Harlan circuit court, wherein only this one question of the right of the appellant, under the provisions of the Workmen's Compensation Act, to move for a second full board review of its earlier review and award was considered and decided, the court's judgment being that:

"This case having been submitted to the court for judgment upon the entire record and the court sufficiently advised is of the opinion and now adjudges that when the Workmen's Compensation Board reviewed the finding of the referee and reversed the decision of the referee and dismissed the plaintiff's claim for compensation on April 2nd, 1935, that *that was a final order and disposition of this case by the Workmen's Board, and that the remedy of the aggrieved party was by an appeal to the Harlan circuit court for review of that decision.* * * *

"The only question before the court being the question of whether the board's decision entered April 2nd, 1935, was final, it is now adjudged by the court that said decision was final, and that the order of the board entered on July 2nd, 1935, attempting to change the order entered on April 2, 1935, was void and of no effect." (Italics ours.)

From this judgment, deciding this one question, this appeal is prosecuted, assailing it as erroneous upon several grounds, none of which we deem it needful to here discuss or decide, save and except that of the propriety and correctness of this, the court's one and only ruling made upon the appeal, to the effect that the compensation board's first full board award of April 2, 1935, was a final one, whereupon the remedy of the

party aggrieved thereby was by appeal to the circuit court for review of that decision, rather than the erroneous procedure here followed of moving the board for a second full board review of its earlier full board review and award made on April 2, 1935.

The appellant contends that, inasmuch as the provisions of the Workmen's Compensation Act are to be liberally construed and, further, that inasmuch as by section 47 of the Compensation Act (section 4930, Kentucky Statutes) the board is vested with the authority to "make rules not inconsistent with this act for carrying out the provisions of this act," the board was here authorized to make and adopt the rule, here attacked, allowing the aggrieved party to once move for a full board review, where its previous decision in her favor had been reconsidered and set aside. She further insists that such being the case, and inasmuch as the Compensation Board alone has power to render awards in cases arising under the act, her motion for a full board review could and should have been considered and sustained by the board as a motion to reopen the case, since by the express provisions of the act, the Workmen's Compensation Board is empowered to entertain such motion and is vested with the authority to change the awards during the full compensable period; that having such power, appellant contends, it is not material (in its exercise of the power also given it of making such rules as it deems needful for carrying out the provisions of the act) that same may be violative of or in conflict with some code or statutory provision applicable to judicial procedure, in that it is a separate and distinct right of the board to adopt expedient procedural rules, expressly given it, as an administrative agency, by the statutes; that in the exercise of such authority given it, it adopted its procedural rule, 10, which is as follows:

> "The defendant may file an answer of denial to the application, petition or complaint of the plaintiff at any time before the date set for the hearing, but no such answer is required, and, if none is filed, the allegations contained in the application, petition or complaint will be deemed to be denied. * * *"

In support of its contention in this, it cites and relies upon the holding made in the case of State High-

way Commission v. Westerfield, 257 Ky. 274, 77 S. W. (2d) 951, wherein this rule, No. 10, supra, created by the Compensation Board, was upheld as being both reasonable and valid for purposes of its procedure, even though specifically in conflict with the provision of section 126, Civil Code of Practice, providing that all material allegations pleaded and not denied must be taken as true, except in the certain named cases therein stated.

It may be conceded that the matter of an applicant's right to a full board review of an award of the Compensation Board, just as is the right of appeal from a judgment, is statutory and that the proceeding must alike in either case be conducted in conformity with the provisions of the statute applicable thereto.

The applicable provision of the statute or Compensation Act, to the instant case, section 4930, is (as stated supra), that the "board may make rules *not inconsistent with this act* for carrying out the provisions of this act." (Italics ours.) It is to be noted also that a further provision of the act (section 4934, Kentucky Statutes) regulating the matter and manner of making applications for a review by the board is that:

"If an application for review is made to the board within seven days from the date of the award the full board, *if the first hearing was not held before the full board,* shall review the evidence * * * and shall make an award and file the same in like manner as specified in the foregoing section." (Italics ours.)

In other words, the express provision of this section makes it a condition to the right of procuring a full board review, upon application made therefor, that the *first* hearing of the application should not have been held by the full board.

Also clearly the right of the Compensation Board to make procedural rules, for its granting of full board review upon applications presented therefor, is limited or qualified by the express restrictive provision of the statute (section 4930) vesting it with such right, that it may make such rules as are *not inconsistent* with the provisions of the act.

Here the attempted exercise by the Compensation Board of this right given it to make rules deemed ap-

propriate for carrying .out the provisions of the act, subject to the stated limitation that the rules so made by it should not be inconsistent with its provisions, clearly violated the imposed limitation, in that the adopted rule, permitting its giving a second full board review, was clearly not consistent with that provision of the act specifically restricting the giving of a full board review, where such given right of review conflicted with section 4934 of the act, providing and confining its granting, on applicant's petition for a full board review, to those cases only where the first hearing upon the application *was not* held before the full board.

It thus appears clear that where the board's right to make and adopt procedural rules is, by the express terms of the act, limited to making only such rules as are *not inconsistent* with the provisions of the Compensation Act, it must needs logically follow that this provision of the act must surely preclude its right, conversely, to make rules which are not consistent with its provisions or are in conflict therewith. Clearly, therefore, the rule the board has here attempted to adopt, permitting a second full board review, being inconsistent with the provisions of section 4934, Kentucky Statutes, is prohibited thereby. The board's asserted authority to adopt such a rule upon the assumed analogy of this court's right to hear a petition for rehearing is not in point, in that this power is clearly vested in the court, without any statutory or other restriction imposed upon its exercise by the court, such as applies in the case of the board.

Section 4935, Kentucky Statutes, dealing with the right of appeals, provides that:

"An award or order of the board as provided in sec. 4933, if application for review be not filed as therein provided, or an award or order of the board upon review as provided in sec. 4934, shall be conclusive and binding as to all questions of fact, but either party may, within twenty days after the rendition of such final order or award of the board, by petition appeal to the circuit court that would have jurisdiction to try an action for damages for said injuries if this act had not passed, for the review of such order or award."

The appellant's contention that she had the right,

after the first full board review and award was made, to either move for a second full board review within 7 days or to appeal to the circuit court therefrom within 20 days is thus shown to be clearly both in direct conflict with the express provisions of the cited sections of the statute and also in direct contradiction of the procedure authorized and allowed the board by these cited sections of the statute. To such effect were they considered, construed, and held to be so limited in the case of Lena Rue Coal Co. v. Brewer, 213 Ky. 327, 280 S. W. 1097.

There it appeared that Brewer's father and mother filed a claim with the board, setting out their total dependence upon the deceased for support. An award was made by the full board upon the application, they being adjudged to be dependent to the extent of 50 per cent. Within 7 days after such full board award, applicants filed a motion for a further full board review, which motion the board sustained and entered an order confirming its earlier full board award. They appealed from this award, filing their petition in the Harlan circuit court on March 21st. The first award having been made on February 29th, it resulted that their petition appealing therefrom was filed more than 20 days after the award was made.

The court, in there passing upon this question, said:

"But it will also be observed that within seven days after the award was made the claimants filed a motion for a review, on which the board declined to disturb its former finding, and that the petition was filed in the circuit court within 20 days after this order of the board was made. The question presented for decision is: Was the action filed in time?"

After quoting sections 4933, 4934, 4935, Ky. Stats., the opinion continued as follows:

"Construing these sections in Carrs Fork Coal Company v. Scott, 204 Ky. [656] 657, 265 S. W. 19, this court said:

" 'Section 50 of the act [Kentucky Statutes, sec. 4933] provides in substance that the board or any of its members may make an award; while section 51 [Kentucky Statutes, sec. 4934] provides that where an award is made by less than a full board

either party may demand a full board award by filing an application for a review within seven days from the date of an award made by less than a full board. It follows, therefore, that a full board award becomes final immediately upon its entry, while an award by less than a full board becomes final in the absence of a petition for a review by the full board after the lapse of seven days. Junior Oil Company et al. v. J. R. Byrd, 204 Ky. 375, 264 S. W. 846. Section 52 of the act [Kentucky Statutes, sec. 4935] provides that an appeal may be taken from an award under either section 50 or 51 of the act, but specifically states that such appeal shall be filed within twenty days after the rendition of the final order or award. * * *

" 'Appellant filed its petition for an appeal, as shown by the record, on February 19, 1923, which, of course, was more than 20 days after November 21, 1922, the date on which the award of the board became final, and it therefore follows that appellant's claim was barred by limitation under section 4935, Kentucky Statutes.'

"We adhere to this construction of the statute. The 20 days runs in all cases from the time there is entered an award by the full board. If the award is made by only one member of the board, and an application is made for a review before the full board within 7 days, then the 20 days is counted from the final action of the full board. But, where the full board acts originally, the time for bringing an action in the circuit court cannot be extended by filing an application before the board for a review of its decision. The purpose of the statute is to secure a speedy settlement of these matters."

It is our conclusion that this construction of the involved sections of the compensation act given in this quoted Brewer Case is clearly controlling and determinative of this same question here presented, where in conformity with section 4934 of the act, the learned trial court held that the full board's review and award made on April 2, 1935, was a final award and disposition by it of the case, after which the aggrieved party's only remedy was by an appeal to the circuit court within 20 days thereafter for a review of that decision.

Other questions presented and argued by appellant

614

are deemed neither here material to our decision nor embraced within it, but are expressly reserved.

Therefore, the trial court's views, as evidenced by its judgment, being in full accord with our own, its judgment is affirmed.