INZER, Justice
(dissenting) :
With due deference to my colleagues who concur in the majority opinion on the suggestion of error, I am forced to dissent in this case, since I am of the opinion that the effect of the majority decision is to defeat a just and legitimate claim and that it does violence to the former decisions of this’ Court.
I am in agreement with the statement that this has been a difficult case for this Court. It is also an unusual case in several respects. It is unusual in that everyone, including the employer of claimant, admits that claimant suffered an on-the-job injury which resulted in an inguinal hernia within five days after the injury. No one denies that radical surgery was necessary to effectuate cure of the hernia. It is unusual also in that the suggestion of error that has been, sustained did not raise any question that was not fully considered by the Court *408 prior to our original decision in this case. However, upon consideration of the suggestion of error, one of the judges who concurred in the original opinion affirming this case changed his mind and decided that our original decision was wrong.
There are two questions involved in this case. The first is whether there is any substantial evidence to support the finding of the Commission that the claimant suffered an injury in the course of his employment which resulted in the inguinal hernia and that the physical distress following the protrusion was such as to require the attendance of a physician within five days. The second is whether the failure of the employer, after knowledge of the injury and hernia, to furnish medical services as required by the statute constitues a waiver or estoppel.
Inasmuch as the Commission decided the factual issues in favor of the plaintiff, we must consider the evidence and all the reasonable inferences that may be properly drawn therefrom in the light most favorable to the claimant. As I understand the majority opinion, it holds that the evidence is not sufficient to show the physical distress following the injury or protrusion of the hernia was such as to require the attendance of a physician or surgeon within five days after the injury. The only testimony as to pain or physical distress was that of the claimant. He described his pain as follows : “Well, I don’t know how to describe it. Actually what it was was the hernia trying to come out.” It should be pointed out that claimant was not represented by counsel at the hearing before the attorney referee, and his statements introduced in evidence were taken prior to the hearing by a representative of the employer’s carrier. He was not asked to elaborate on this statement at the hearing. This statement could be interpreted to mean that he suffered severe pain, some pain, or no pain. It is a matter of common knowledge that a hernia docs not descend or protrude without pain. It is true that claimant was able to continue working every day in spite of his pain. That does not necessarily mean that he did not suffer severe pain. The statute does not make his right to surgical and hospital care to effectuate a cure depend on the employee’s having been unable to continue to work. I think that we all agree that had claimant actually seen a physician within five days after injury, his claim would be compensable even though he worked every day for fifty-five days before it became necessary for him to have an operation. The Commission had a right to interpret the evidence in this case and to draw from it all reasonable inferences. This it did, and reached the decision that claimant’s physical distress was such that he required or needed the services of a physician within five days. The majority opinion ignores this finding and substitutes its interpretation for that of the Commission.
It is the opinion of the writer that this case comes squarely within the rule announced in Lindsey v. Ingalls Shipbuilding Corporation, 219 Miss. 437, 68 So.2d 872 (1954), from which the majority opinion quotes. However, the majority opinion overlooks a most important part of the Lindsey opinion, wherein we said:
The statutes does not require that an injured employee in a hernia case be denied compensation merely because it is not shown that he was actually attended by a licensed physician within the five-day period. If the legislature had intended to impose such requirement, it could have done so by the usé of language that would have had that meaning. But the legislature did not use such language. This Court has held that the Workmen’s Compensation Law shall be liberally construed in favor of the injured employee; and, as stated by the Arkansas Court in the case of Williams Mfg. Co., et al. v. Walker, supra [206 Ark. 392, 175 S.W.2d 383], “The humanitarian objects of such laws should not, in the administration thereof, be defeated by overemphasis on technicalities — by putting form above substance.” 219 Miss. at 447, 68 So.2d at 877.
*409 In spite of the foregoing statement of the law by the majority opinion, we have seen fit to strictly construe the statute in order to deny a valid claim. It is also the opinion of the writer that the employer in this case is estopped from denying that he is liable for compensation in this case. The proof shows without question that the employer knew within the five-day period that claimant had suffered a hernia as the result of the injury received in the course of his employment. The pertinent part of Mississippi Code Annotated section 6998-12 (Supp.1964) provides as follows:
In every case of hernia or' rupture as above defined, it shall be the duty of the employer forthwith to provide the necessary and proper medical, surgical and hospital care and attention to effectuate a cure by radical operation of said hernia or rupture, and to pay compensation under the provisions of paragraph (b) of this section, not exceeding, however, a period of twenty-six (26) weeks.
The employer admits that it had knowledge of the hernia and that it knew it resulted from an injury incurred on the job. What the employer is actually saying in this case is that, “I knew about the injury and the resulting hernia within five days, and I did not furnish the medical care required by the statute. Since claimant did not seek such services on his own within the five-day period, he cannot now recover.” If this statute is to be strictly construed as indicated by the majority, such strict construction should apply to the employer as well as to the employee. As was said in Lindsey, supra the hernia provisions of the Workmen’s Compensation Law should be liberally construed in favor of the injured employee so that the humanitarian objects -of the law will not be defeated by overemphasis on technicalities. If we are to employ technicalities in this case, I prefer to emphasize those technicalities that favor the employee. I do not think that construction of the hernia statute should differ from construction of other statutes relative to workmen’s compensation; it should be construed fairly in favor of the injured employee in order that the objects of the statute will not be defeated. If we are to indulge in technicalities, they should be in favor of the claimant, who everyone admits is an honest and dedicated employee.
I adhere to our former opinion., which is reported in 187 So.2d 883 (Miss.1966).
Justice RODGERS joins me in this dissent, and authorizes me to say that he believes it is obvious that this case is controlled by Lindsey v. Ingalls Shipbuilding Corporation, supra.
GILLESPIE, P. J., and RODGERS and JONES, JJ., join in this dissent.