Cite as 2015 Ark. App. 336

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-15-17

| | |
|---|---|
| LARRY EVERETT LEMING<br>APPELLANT<br><br>V.<br><br>LA-Z-BOY, INC., and SEDGWICK CMS<br>APPELLEES | Opinion Delivered MAY 20, 2015<br><br>APPEAL FROM THE ARKANSAS<br>WORKERS' COMPENSATION<br>COMMISSION<br>[NOS. G400539 and G400540]<br><br>AFFIRMED |

## CLIFF HOOFMAN, Judge

Appellant Larry Everett Leming appeals from the Arkansas Workers' Compensation Commission's (Commission) decision, affirming and adopting the opinion of the Administrative Law Judge (ALJ) finding that Leming failed to prove by a preponderance of the evidence that he suffered a compensable injury to his lower back. On appeal, Leming argues that (1) the opinion of the ALJ does not make specific findings of fact to support the decision and remand is appropriate; (2) the Commission's decision that he failed to prove that he sustained a compensable injury to his lower back on July 8, 2013, is not supported by substantial evidence; and (3) the Commission's decision that he failed to prove that he sustained a compensable injury to his lower back on July 15, 2013, is not supported by substantial evidence. We affirm.

Leming, who was thirty-six years old at the time of his injury, was employed by appellee La-Z-Boy, Inc. (La-Z-Boy) as a material handler. Leming stated that on July 8,

2013, he was stacking wood on a pallet at work when he "felt like something pulled in his back." He continued to work his full shift, indicating that the pain was annoying but that it did not prevent him from performing his work duties. Leming testified that he did not report the injury, as required under La-Z-Boy's policies, because he believed the pain was only temporary. When he woke the next morning, however, Leming stated that his back was very stiff, so he sought treatment with Dr. Jeffery Jenkins at the emergency room. An x-ray was taken of his lumbar spine, but no abnormalities were revealed.

Leming testified that he also sought treatment on July 9, 2013, at Northeastern Oklahoma Community Health Center (NeoHealth), which he considered to be his primary-care facility, and he was instructed not to return to work until July 15, 2013. Leming stated that his girlfriend, who also worked at La-Z-Boy, gave the doctor's note to his employer. He remained off work as instructed and did not fill out an injury report or otherwise notify La-Z-Boy about the July 8, 2013 injury.

Leming stated that his pain completely subsided and that he returned to work on July 15, 2013. Later that morning, he was picking up a 30- to 40-pound box of springs when he felt something "pop" in his back, forcing him to drop the box. He indicated that this injury was much different than the one he had suffered the week before and that he could barely move. Leming stated that this injury was in his lower back and that he was not sure if it was in the exact same spot as his prior injury. He testified that he immediately went to notify his supervisor, Neil Erter, who was in a meeting at the time. After Erter was notified about the injury, Leming stated that Erter and the employer's safety coordinator, Michael Frawley, met

him in the safety office, where Frawley rubbed cream on his back and placed a rubber glove filled with warm water on it. Leming indicated that they did not send him to the doctor and that an incident report was not filed, even though he told Erter and Frawley that the injury happened at work. Leming did, however, fill out Family Medical Leave Act (FMLA) paperwork at that time.

Later that day, Leming sought treatment on his own with Dr. Jenkins, who prescribed medication. Dr. Jenkins's report states that Leming "re-hurt" his back by picking up a box of springs and that he wanted his FMLA and short-term disability paperwork to be filled out. After a follow-up visit on July 22, 2013, Dr. Jenkins recommended physical therapy and noted that an MRI and surgical intervention might be necessary. Dr. Jenkins further noted that he had spoken extensively with Leming regarding whether this was a workers' compensation matter that needed to be discussed with his employer and that Leming indicated it was not.

On September 6, 2013, Leming was referred to Dr. Nihat Gurkan, an orthopedic surgeon, who stated that the physical-exam findings were consistent with L4-5 and L5-S1 foraminal stenosis and disk herniation. Dr. Gurkan ordered an MRI on September 25, 2013, which revealed a lateral disk protrusion at the L3-4 level. Leming was then referred to a spine specialist, Dr. Gregory Wilson, on December 10, 2013. In his report, Dr. Wilson noted with regard to the history of the injury that Leming stated that he had been doing some work at home in July 2013 when he felt a "small pop in his low back." The report further stated that Leming felt the onset of pain at that time but that when he went to work

3

the next day, he experienced "an additional pop that has persisted." Dr. Wilson referred Leming for epidural steriod injections and stated that if there was no improvement, a microdiscectomy would be considered.

Leming filed claims for workers' compensation benefits in January 2014, indicating that he had suffered work-related injuries on both July 9 and 15, 2013.[1] Appellees controverted the claims in their entirety, and a hearing was held on July 9, 2014. Leming testified that he has not been able to return to work since July 15, 2013, due to his back injury. He indicated that he had been on medical leave and had received short-term disability benefits through mid-December 2013, after which time he had been terminated from his employment with La-Z-Boy. Leming stated that he was in need of additional medical treatment but could not afford it. He claimed that Dr. Wilson's report was incorrect when it stated that he had hurt his back at home, although he admitted that he had told Frawley on July 15 that he did not know if his back injury was due to a work-related incident.

Frawley testified that he was responsible for overseeing and investigating all work-related injuries at La-Z-Boy. He stated that it was La-Z-Boy's policy that such injuries be reported as soon as possible both to him and to the employee's supervisor. Frawley testified that it was in December 2013 when he first became aware that Leming was claiming that he had suffered a work-related injury instead of a personal injury. According to Frawley, he did

---

[1] Leming later clarified at the hearing that the correct date was July 8, 2013, not July 9, and the parties' stipulations were changed to indicate the correct date.

not receive a report of a work injury to Leming on July 8, 2013, and he did not see the doctor's note excusing Leming from work for a week. Frawley testified that Leming came to his office on July 15, 2013, and complained of trouble with his back. When Frawley asked Leming when his back trouble began, Leming told him that it was from an incident at home. Frawley testified that at no time on July 15 did Leming state that he was injured at work on either that day or July 8. He stated that he rubbed some Bio-Freeze on Leming's back and told him to go to his own physician because it was not a work-related injury. According to Frawley, it is La-Z-Boy's procedure to make the doctor's appointment for an employee if the injury is work related. Frawley testified that Erter, Leming's supervisor, was in a meeting and was not present when Leming reported his back issue.

In his deposition testimony, Erter confirmed that he was in a morning meeting when Leming reported his back injury to Frawley on July 15, 2013. Erter recalled that Frawley had already left to take Leming to the doctor by the time his meeting had ended. According to Erter, he never spoke with Leming about the injury after that date or filled out an incident form, even though it was standard practice to do so for a work-related injury. Leming's time-sheet information had a notation on July 8 that stated "unexcused sick" and a notation on July 15 that he had left early due to the "same injury as last week." Erter testified that he was convinced that Leming injured his back at work; however, he stated that he had no direct knowledge of where Leming suffered the injury and that he would not dispute Frawley's testimony that Leming did not report a work-related injury.

Following the hearing, the ALJ found that Leming had failed to prove by a

preponderance of the evidence that he had suffered a compensable injury to his lower back on either July 8 or 15, 2013. The Commission affirmed and adopted the findings and conclusions of the ALJ in an opinion filed on November 4, 2014. Leming timely appealed from the Commission's decision.

When the Commission denies a claim, the substantial-evidence standard of review requires us to affirm if its opinion displays a substantial basis for the denial of relief. *Wright v. Conway Freight*, 2014 Ark. App. 451, 441 S.W.3d 45. In making this determination, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission. *Id*. This court must affirm the decision of the Commission if it is supported by substantial evidence. *Id*. Substantial evidence is that evidence which a reasonable mind might accept as adequate to support a conclusion of the Commission. *Id*. The issue on appeal is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm. *Id*. Furthermore, we defer to the Commission's determinations of credibility and its resolution of conflicting testimony. *Id*. When the Commission, as it did in this case, affirms and adopts the ALJ's findings, this court considers both the ALJ's decision and the Commission's opinion. *Montgomery v. J & J Lumber Co.*, 2011 Ark. App. 129.

Leming first argues on appeal that the ALJ's decision, which was then adopted by the Commission, fails to contain sufficient factual determinations to enable this court to review the Commission's conclusion that he failed to meet his burden of proving a compensable

back injury. He therefore contends that we must reverse and remand on this basis.

We disagree that the ALJ's opinion fails to contain the factual findings necessary for this court to conduct a meaningful review on appeal. As Leming asserts, the Commission's decision must set forth its findings and conclusions with sufficient detail and particularity to allow us to decide whether its decision is in accordance with the law, although a full recitation of the evidence is not necessary. *Clark v. Peabody Testing Serv.*, 265 Ark. 489, 579 S.W.2d 360 (1979); *Parker v. Advanced Portable X-Ray, LLC*, 2014 Ark. App. 11, 431 S.W.3d 374.

The ALJ's opinion in this case not only included two pages of "Factual Background," it also contained four pages of "Adjudication," wherein the ALJ set forth the burden of proof, the applicable law, and an analysis of the relevant testimony and evidence. With regard to the alleged July 8, 2013 injury, the ALJ specifically found that there were no objective findings establishing an injury. As to the July 15, 2013 injury, the ALJ noted that the evidence was conflicting as to whether Leming suffered a work-related injury and thus concluded that Leming failed to meet his burden of proof to establish a compensable injury. These findings and conclusions are sufficient for this court to review the issues presented on appeal in this case.

In his second point on appeal, Leming contends that the Commission's decision that he failed to prove that he sustained a compensable injury to his lower back on July 8, 2013, is not supported by substantial evidence and is contrary to the facts and the law. To prove the occurrence of a specific-incident compensable injury, the claimant must establish that (1)

SLIP OPINION

an injury occurred arising out of and in the scope of employment; (2) the injury caused internal or external harm to the body which required medical services or resulted in disability or death; (3) the injury is established by medical evidence supported by objective findings, as defined in Ark. Code Ann. § 11-9-102(16); and (4) the injury was caused by a specific incident and is identifiable by time and place of occurrence. Ark. Code Ann. § 11-9-102(4)(A)(i) (Repl. 2012). The claimant has the burden of proving these elements by a preponderance of the evidence. Ark. Code Ann. § 11-9-102(4).

In finding that Leming failed to meet his burden of proof with respect to his July 8, 2013 injury, the ALJ noted that Leming did not report this alleged work-related injury to La-Z-Boy, even though he was aware of the company requirement that all injuries must be reported to the safety office. In addition, he sought medical treatment on his own and did not request workers' compensation benefits for the week he remained off work for this injury. While Leming argues that these facts, by themselves, should not lead to the inference that he did not suffer a compensable injury, the ALJ did not rely solely on this evidence to deny his claim. Instead, the ALJ also found that there was no medical evidence supported by objective findings to establish an injury on that date. As the ALJ noted, the x-ray of Leming's lumbar spine on July 9, 2013, was unremarkable, and the remaining medical records related to that injury do not contain any other objective findings. Because the medical records indicate that he was discharged from the hospital on July 9 in a wheelchair and that he was restricted from lifting heavy objects for one week, Leming contends that there are objective findings of an injury. However, pursuant to Arkansas Code Annotated section 11-9-102(16), "[o]bjective

findings are those findings which cannot come under the control of the patient[,]" and all of the medical evidence related to the July 8 injury, other than the x-ray, were based on Leming's subjective complaints. Therefore, the Commission's decision finding that he failed to prove by a preponderance of the evidence a compensable back injury on July 8, 2013, is supported by substantial evidence, and we affirm on this point.

In his final point on appeal, Leming argues that the Commission's decision that he failed to prove a compensable injury to his lower back on July 15, 2013, is also not supported by substantial evidence and is contrary to the facts and the law. With respect to this particular injury, the ALJ first recited the evidence in the record that supported Leming's claim, then detailed all the evidence that contradicted the claim. The ALJ assigned little weight to Erter's testimony, noting that it contradicted other evidence and that Erter admitted to having no direct knowledge of the circumstances surrounding the injury. The opinion then concluded,

> In summary, claimant has the burden of proving by a preponderance of the evidence that he suffered a compensable injury or an aggravation of a pre-existing condition on July 15, 2013. While there is certainly evidence in the record which corroborates claimant's testimony that he suffered an injury to his low back on that date, there is also evidence in the record which contradicts claimant's testimony. Claimant admitted at the hearing that he told Frawley that he did not know whether he had suffered a work-related accident. In addition, according to Dr. Jenkins he had an extensive discussion with claimant as to whether this was a workers' compensation claim and claimant indicated that it was not. Given these contradictory statements, I find that claimant has failed to meet his burden of proving by a preponderance of the evidence that he suffered a compensable injury to his back while working for respondent on July 15, 2013.

Leming contends that the conflicting evidence discussed by the ALJ to support the denial of his claim was "immaterial" and "nothing more than a recital of contradictory

SLIP OPINION

testimony and medical records." He argues that much of this evidence related to whether he gave sufficient notice of an injury and that the ALJ effectively considered his conflicting statements to his employer about the "nature" of his injury to instead be evidence of non–compensability. However, it was Leming's burden to prove that his back injury arose out of and in the course of his employment, in addition to the other requirements for a compensable injury. Thus, his conflicting statements regarding the cause of his injury were indeed relevant to the ALJ's and Commission's determination of whether he proved that he sustained a compensable injury. The ALJ did not deny Leming's claim based on a failure to give sufficient notice, and Leming's discussion of *Williams Mfg. Co. v. Walker*, 206 Ark. 392, 175 S.W.2d 380 (1943), and *Siders v. S. Mattress Co.*, 240 Ark. 267, 398 S.W.2d 901 (1966), both of which involved the specific statutory notice required for a hernia injury, is therefore inapposite.

Leming further challenges the ALJ's resolution of the conflicting evidence and argues that there is no reasonable justification to disregard his testimony, which was supported by medical evidence, in favor of the uncorroborated testimony of Frawley, an interested witness. Contrary to Leming's argument, the ALJ did not disregard his testimony. Instead, the ALJ noted that Leming's statement to Frawley that he did not know whether his back injury was work related, as well as his indication to Dr. Jenkins that this was not a workers' compensation matter, contradicted his other statements to medical personnel and his testimony at the hearing that the injury was caused by his work duties. Furthermore, Frawley's testimony was corroborated by Leming's own statements, as contained in the

medical reports of Dr. Jenkins and Dr. Wilson, who indicated that the injury was not work related. While Leming refuted the statement in Dr. Wilson's report, it was the Commission's responsibility to determine credibility and resolve conflicting testimony. *Wright, supra.*

When there are contradictions in the evidence, it is the Commission's duty to reconcile conflicting evidence and to determine the true facts. *Hickman v. Kellogg, Brown & Root*, 372 Ark. 501, 277 S.W.3d 591 (2008). In addition, the Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony that it deems worthy of belief. *Id.* Based on the conflicting evidence regarding whether Leming's July 15, 2013 back injury was caused by his employment, the ALJ found that Leming failed to meet his burden of proving a compensable injury. This finding is supported by substantial evidence, and we affirm on this point as well.

Affirmed.

KINARD and WHITEAKER, JJ., agree.

*Odom Law Firm, P.A.*, by: *Conrad T. Odom*, for appellant.

*Bassett Law Firm LLP*, by: *Curtis L. Nebben*, for appellee.