PRINCE POULTRY CO. *v.* STEVENS.

5-2858 363 S. W. 2d 929

Opinion delivered January 21, 1963.

*Dickson, Putman, Millwee & Davis,* for appellant.

*Pearson & Pearson,* for appellee.

JIM JOHNSON, Associate Justice. This appeal arises out of a claim for workmen's compensation. Appellee, Wayne Stevens, was employed by appellant S. E. Prince Poultry Company, working out of their egg house in Lincoln, Arkansas. About 4 o'clock in the afternoon of Thursday, March 9, 1961, appellee, in the course of his employment, slipped while loading a case of eggs on his truck and felt pain in his right side. He stopped work for five or ten minutes until the pain eased, then finished loading the truck and returned with the load to his employer's place of business, arriving about 4:30 or 5:00, at which time he reported his injury to his foreman. Appellee then went home, suffered pain that night, returned to work the next morning and reported his injury to his employer's general manager, Miss Maybelle Kirk. The general manager acknowledged that appellee had reported his injury to her on Friday morning. She testified that she told appellee that if he did not get better in a day or two he should see Dr. Jeff Baggett; that appellee was needed to go out on the truck; that he was very uncomfortable when he reported his injury to her; that the company had to have someone show the driver where to go and that appellee was the only person available for that purpose. Appellee relied upon Miss Kirk's instructions and continued to work that day. He suffered pain and was furnished a helper because of the pain. He tried to call Dr. Baggett after talking to Miss Kirk but failed to get him. Appellee also worked the next day and testified that the reason he didn't take off and go immediately to see a doctor was "on account of we had so many eggs out and if they stay out so many hours they are gone", and further, "I wanted to show the boy where the eggs was". Appellee testified that the condition in his side just kept getting worse and worse. He was off Sunday and Monday morning it was worse. Appellee finally saw a doctor Monday, March 13th, four

days after the injury. The doctor testified that he found an indirect inguinal hernia.

Appellee filed a claim with the Workmen's Compensation Commission for compensation for his hernia. The claim was controverted by appellants.

Following an appeal from an award of benefits by the referee, the full commission found that appellee sustained his hernia on March 9, 1961, and that it arose out of and during the course of his employment. The commission further found that all of the requirements of § 81-1313(e) were met except the fifth requirement which required appellee to see a doctor within 48 hours after the occurrence of the hernia. The commission concluded that it had authority to excuse non-compliance with the fifth requirement and did so "since claimant did promptly report his injury to the employer and since his employer did not promptly provide proper medical attention but instead asked the claimant to work the following day at light work and merely told the claimant that if he did not feel better within a day or two he should go to a doctor."

Based on the above findings and conclusions, the commission awarded benefits to appellee. Appellants timely appealed to the Circuit Court of Washington County which affirmed the award of the commission, making an additional finding that appellants were estopped to raise the defense of failure to meet the fifth requirement. From the judgment of the Circuit Court, appellants have prosecuted this appeal.

For reversal appellants rely upon four points, three of which question the substantiality of the evidence to support findings of fact made by the commission. Though appellants' argument on these points is most persuasive, a careful review of the record convinces us that the points are without merit. See *McKamie v. Kern-Trimble Drilling Co.*, 229 Ark. 86, 313 S. W. 2d 378; *Shipp v. Tanner*, 229 Ark. 815, 318 S. W. 2d 821.

Appellants in their brief concede that the principal question involved in this appeal is whether the Work-

men's Compensation Commission has authority under the law to excuse a claimant's failure to go to a doctor within the time provided by the Workmen's Compensation Act. This question presents a case of first impression in this jurisdiction. The court has, however, considered in a similar case, *Williams Mfg. Co.* v. *Walker*, 206 Ark. 392, 175 S. W. 2d 380, the question of whether the Workmen's Compensation Commission had authority under the law to excuse a claimant's failure to give notice to his employer of the occurrence of a hernia within the 48 hours provided by the act. In that case the appellee, working as a laborer for appellant manufacturing company caught with a cant hook a rolling log which was moving at such rapid speed that it gave appellee a severe jerk. The appellee immediately reported his injury to his foreman and at noon went to see Dr. O. R. Kelley, the employer's physician, and told him of the injury. Dr. Kelley gave the appellee some medicine and the appellee went home, returning next day for another visit to the doctor. The appellee was not able to work after receiving the injury. There was some contradiction in the medical testimony, but Dr. Kelley and three other physicians testified that appellee had suffered an umbilical hernia. It was brought out at the hearing, however, that Dr. Kelley did not discover appellee's hernia until several weeks subsequent to the reported injury. The commission after hearing the testimony found that appellee had not given sufficient notice of the hernia within 48 hours after it occurred, as required by the statute. The Circuit Court reversed the finding of the commission and entered judgment in favor of appellee. From that judgment the employer and its insurance carrier prosecuted an appeal. This court, in a well reasoned opinion written by the late and scholarly Justice R. W. Robins, affirmed the judgment of the Circuit Court and in the opinion held that a denial of compensation under the facts disclosed by the record would not be justified, even though the employee may not have specifically given notice of the existence of the hernia within 48 hours after the injury.

In the case at bar the applicable statute is § 81-1313(e) (5). It reads as follows:

"Hernia. In all cases of claims for hernia it shall be shown to the satisfaction of the Commission . . . (5) That physical distress following the occurrence of the hernia was such as to require the attendance of a licensed physician within forty-eight hours after such occurrence;"

In considering a statute identical to ours in meaning except for a requirement that the hernia was such as to require the attendance of a licensed physician within five days subsequent to the injury instead of the 48 hours provided by our law, the Supreme Court of Mississippi in the landmark case of *Lindsey* v. *Ingalls Shipbuilding Corp.,* 68 So. 2d 872, said:

"It should be noted that the statute does not require that the claimant prove that he was actually attended by a physician or surgeon within five days after the injury. The statute only requires that the claimant prove that the physical distress following the descent of the hernia was such as to require the attendance of a physician or surgeon within five days. The word 'require' is defined in Webster's New International Dictionary as meaning: 'To need; to be under a necessity; as, man requires to feed or to be fed; a fact requires to be stated.' The word is also defined as meaning: 'To demand or exact as necessary or appropriate; hence to want; to need; call for.' It is in this sense, we think, that the word was used in the above statute."

We agree with the interpretation given this statute by the Mississippi court and adopt it as our own, and further find that the words of Justice Robins in the Williams Mfg. Co. case, *supra,* are equally applicable to the case at bar.

"These compensation acts are entitled to and have universally received a liberal construction from the courts. The humanitarian objects of such laws should not, in the administration thereof, be defeated by overemphasis on technicalities—by putting form above substance

"In the case at bar there is no intimation in the record of any malingering, lack of good faith or misrepresentation or concealment of facts, on the part of appellee. Since he suffered an accidental injury in the course of his employment and it clearly appears that he did all that could be reasonably expected of a workman in the way of reporting his injury promptly . . ."

The judgment is affirmed.