MILLER MILLING CO. *v.* AMYETT

5-3885                                              402 S. W. 2d 659

Opinion delivered May 2, 1966

[Rehearing denied June 6, 1966.]

*Odell Pollard,* for appellant.

*Henry & Boyett,* for appellee.

GEORGE ROSE SMITH, Justice. This is a claim under the workmen's compensation law for medical expenses and temporary disability resulting from a hernia assertedly suffered by the appellee in the course of his employment. The Commission, with one member dissenting, held the injury to be compensable. The circuit court affirmed that decision.

The pivotal question is whether there is any substantial evidence to establish the fifth of the five specific

facts that our statute requires in hernia cases. This is the pertinent language of the statute:

"In all cases of claims for hernia it shall be shown to the satisfaction of the Commission:

"(1) That the occurrence of the hernia immediately followed as the result of sudden effort, severe strain, or the application of force directly to the abdominal wall;

"(2) That there was severe pain in the hernial region;

"(3) That such pain caused the employee to cease work immediately;

"(4) That notice of the occurrence was given to the employer within forty-eight hours thereafter;

"(5) That the physical distress following the occurrence of the hernia was such as to require the attendance of a licensed physician within forty-eight hours after such occurrence." Ark. Stat. Ann. § 81-1313 (e) (Repl. 1960).

The claimant, Ralph Amyett, testified that on March 6, 1964, as he was picking up a heavy sack of feed he felt a sharp pain in his side. He rested for twenty or thirty minutes and then felt well enough to resume comparatively light tasks. Before going home that evening he told his employer that he had hurt himself. Amyett at first meant to go to a doctor, but he kept putting it off and eventually thought it to be unnecessary.

Amyett continued to work for about four months after he was injured. He was able to get along all right by avoiding heavy lifting. About two months after the injury he noticed for the first time a swelling in his scrotum. He continued to work, however, until he consulted a doctor early in July. The doctor found an

inguinal hernia, which he corrected by surgery. In the proceedings before the Commission the claimant made no attempt to produce medical testimony establishing a causal connection between the injury that occurred on March 6 and the hernia that was discovered by the doctor on July 6.

In allowing the claim the referee relied upon our holding in *Prince Poultry Co.* v. *Stevens*, 235 Ark. 1034, 363 S. W. 2d 929 (1963), remarking, however, that "our facts stretch this doctrine considerably." A majority of the Commission upheld the award without discussing the legal issues in the case.

We are unable to say that the *Prince* case can be extended to reach the fact situation here. There the workman was injured on Thursday, but at his employer's request he worked on Friday and Saturday despite the fact that he was in pain. He tried to call a doctor on Friday but failed to reach him. On Monday the claimant finally saw a physician, who found an inguinal hernia. In sustaining the award we were of the opinion that the facts justified the Commission in excusing the claimant's failure to consult a doctor until about two days after the expiration of the time allowed by the statute. We followed a very similar Mississippi case, where the court reasoned that for an injury "to require" a physician's attendance within a certain number of days does not invariably mean that the physician must actually be consulted within that time. A substantial compliance may be sufficient.

There is little resemblance between the *Prince* case and this one. Here Amyett was not continuously in pain from the time of his injury until he actually saw a physician. Quite the contrary he apparently recovered and worked for at least two months before there was a noticeable swelling. Nor can the excusable delay of two days in the *Prince* case fairly be said to be equivalent to this claimant's delay of four months, during which he not only failed to see a physician but also had no especial need of medical attention.

The appellee's position really narrows down to the contention that since he suffered severe pain on March 6 his condition therefore "required" the attendance of a physician within forty-eight hours. The fallacy in this argument lies in its disregard of the fact that severe pain must exist in every instance of a compensable hernia, for that condition is the second of the five statutory requirements. Hence, if the appellee is right, the fifth requirement—that the attendance of a physician be required within forty-eight hours—adds nothing whatever to the earlier statement that severe pain must occur. We are not at liberty to give absolutely no meaning and effect to the plain language of the statute. We must conclude that the requirement of immediate medical attention was not sufficiently established in this case.

Reversed and dismissed.

Cobb, J., disqualified.

Bland, J., not participating.