LASHLEE STEEL COMPANY ET AL. *v.*
EUGENE F. DODRIDGE

5-5564                                              465 S. W. 2d 691

Opinion delivered April 19, 1971

*Terral, Rawlings, Matthews & Purtle,* for appellants.

*Hardin & Pickard,* for appellee.

CONLEY BYRD, Justice. The Workmen's Compensation Commission allowed the claim of appellee Eugene F. Dodridge for hernia. The circuit court on review affirmed and appellants Lashlee Steel Company and its carrier, The Travelers Insurance Company, appeal on the basis that the claim does not come within the purview of Ark. Stat. Ann. § 81-1313(e) (Repl. 1960) which provides:

"In all cases of claims for hernia it shall be shown to the satisfaction of the Commission:

(1) That the occurrence of the hernia immediately followed as the result of sudden effort, severe strain, or the application of force directly to the abdominal wall;

(2) That there was severe pain in the hernial region;

(3) That such pain caused the employee to cease work immediately;

(4) That notice of the occurrence was given to the employer within forty-eight (48) hours thereafter;

(5) That the physical distress following the occurrence of the hernia was such as to require the attendance of a licensed physician within forty-eight (48) hours after such occurrence."

Claimant testified that he was injured on September 18, 1969, while lifting a beam that weighed from 250 to 300 pounds. Upon experiencing pain in his back and lower stomach or groin on the left side, he was unable to continue work. He then punched his time card and went home. The next day he did not work but when he went by to pick up his check, he reported to the bookkeeper, the man in charge when the boss was not there, that he had hurt his back and had pain in the area where the hernia was subsequently found. He first went to a doctor on Tuesday following the Thursday injury. His explanation for the · delay was that he had had back trouble in the past and that he thought the pain was a recurrence of his old back trouble.

We agree with appellants that there is no substantial evidence to show a compliance with the fifth requirement, above, and that the commission erroneously allowed the claim.

In *Miller Milling Company* v. *Amyett,* 240 Ark. 756, 402 S. W. 2d 659 (1966) and *Harkleroad* v. *Cotter,* 248 Ark. 810, 454 S. W. 2d 76, we pointed out that the showing of severe pain in the hernial region required by subsection (2) of the statute, above, is a *subjective*

test whereas the subsection (5) requirement that the physical distress must be such as to require attendance of a licensed physician within 48 hours after the occurrence is an *objective* test and that if we held proof of the severity of the pain amounted to a substantial compliance with subsection (5), then subsection (5) would add nothing to the requirement that severe pain must occur.

Here the only evidence of pain is subjective. There is no objective evidence to show that the distress was such as to require the attendance of a licensed physician within 48 hours after the occurrence.

Our language in *Harkleroad v. Cotter, supra,* is here most appropriate. In that unanimous opinion we said:

> "It might be argued, with considerable logic, that the specific statutory requirements as to proof in claims for hernia, penalize the honest, industrious and conscientious workman who fails or refuses to put down his tools immediately and rush to a doctor every time he feels pain following sudden strain or effort. The record before us in the case at bar indicates that the appellee was just such workman. It is a well recognized fact, however, that hernias may occur following any one of the numerous strains and efforts the average active individual workman may encounter during the 128 hour rest week, as well as during the 40 hour work week. It is a matter of common knowledge that witnesses do not *see* hernias sustained by fellow workmen as they would see a broken leg or broken arm. Consequently, the people have seen fit to make, and the legislature has seen fit to leave, a compensable hernia a rather dramatic occurrence under the statute, with little or no room left for question or doubt that it did occur within the course of employment as an immediate result of sudden effort, severe strain or force applied to the abdominal wall. The wording of the statute assumes the existence of a hernia. The statutory requirements of proof are

directed at *claims* for hernia and not the existence or occurrence of a hernia."

Reversed and dismissed.