Leonard MORGAN *v.* C & C MACHINE SHOP, Inc., Employer and UNITED STATES FIDELITY AND GUARANTY COMPANY, Carrier

73-269                                    506 S.W. 2d 115

Opinion delivered March 11, 1974

*Bullock & Shermer*, for appellant.

*James K. Young*, for appellees.

CONLEY BYRD, Justice. Appellant filed a claim for Workmen's Compensation for a hernia pursuant to Ark. Stat. Ann. § 81-1313(e) (Repl. 1960). The Commission denied his claim. For reversal appellant contends that since he called the doctor's office within 48 hours but was unable to get an appointment due to vacations, emergencies, a flood of patients, etc. in the doctor's office he had complied with section 81-1313(e)(5). That section, in so far as is here pertinent provides:

"(e) Hernia: In all cases of claims for hernia it shall be shown to the satisfaction of the Commission: . . . (5) That the physical distress following the occurrence of the hernia was such as to require the attendance of a licensed physician within forty-eight (48) hours after such occurrence, . . . "

Appellant testified as follows:

"Q. And you did not see the doctor until the following Monday?

A. The following Monday after the Thursday I got hurt, and I don't know, as I say, I try to be an honest man, as honest as I know how to be to everybody.

Q. That's right—

A. And it was on Saturday, I called [the doctor] about nine o'clock, and he asked me if it was an emergency. The secretary did, and I said, 'Well I ain't bleeding to death.'

Q. Well actually you weren't hurting too bad, were you?

A. Well a hernia is funny. Any body that's ever had one will tell you in a minute a hernia ain't a real . . . when you pull it it will hurt for a little while, but then it will ease up, the pain will ease up. Well for a little while you will say maybe I pulled a muscle or something and go on about your business. If you ain't very careful you will go on about your business.

Q. That's what you did, wasn't it?

A. Yes, sir, that's what I thought.

Q. You did some welding Thursday afternoon?

A. I might have done a small bit. It wasn't much.

Q. And then you did some welding, you worked Friday, went out on AP & L job and welded this tank?

A. Welded that oil tank.

Q. And put in a full day Friday?

A. Well I piddled around. I worked at AP & L. I can tell you exactly how long. I believe it was two hours and fifteen minutes."

In *Prince Poultry Co.* v. *Stevens,* 235 Ark. 1034, 1038, 363 S.W. 2d 929 (1963), in construing this section of the Workmen's Compensation Act we held that actual attendance of a physician or surgeon within the time limit was not under all circumstances a prerequisite to the allowance of a hernia claim but that the section did require that " '. . . the claimant prove that the physical distress following the descent of the hernia was such as to require the attendance of a physician or surgeon . . . ' " within the time limit. As pointed out in *Lashlee Steel Co.* v. *Dodridge,* 250 Ark. 520, 465 S.W. 2d 691 (1971), the showing of physical distress to require the attendance of a doctor must be determined upon an objective test.

When appellant's testimony with reference to the abatement of the pain is considered together with the fact that he continued to work for a day and a half after the occurrence, we cannot say that the Commission's denial of his claim under Ark. Stat. Ann. § 81-1313(e) (5) is not supported by substantial evidence.

Affirmed.