Finley Joe AMMONS *v.* MEUWLY MACHINE WORKS and TRI-STATE INSURANCE COMPANY

CA 79-48                                   587 S.W. 2d 590

Opinion delivered September 5, 1979
and released for publication September 26, 1979

George Howard Bailey, for appellant.

Wright, Lindsey & Jennings, for appellees.

ERNIE E. WRIGHT, Chief Judge. This case was appealed to the Arkansas Supreme Court and was transferred to the Court of Appeals pursuant to Rule 29.3.

The appeal arises from the denial of a Workers' Compensation claim, and the judgment of the Pulaski County Circuit Court affirming the decision of the Workers' Compensation Commission.

The appellant initiated claim for benefits for a hernia which claimant contends he sustained while working for Meuwly Machine Works, the principal appellee. It is undisputed that the employer-employee relationship existed on the date of the alleged injury, May 5, 1977, and that the claimant's average weekly wage was such as to entitle him to the maximum compensation rate of $84.00 per week. There was evidence that appellant sustained injury on the job resulting in the hernia, but the claim was denied by the administrative law judge on the ground that claimant failed to comply with Ark. Stat. Ann. § 80-1313 (e) which requires:

> In all cases of claims for hernia it shall be shown to the satisfaction of the Commission:
>
> (1) . . .
>
> (2) . . .
>
> (3) . . .

(4) . . .

(5) That the physical distress following the occurrence of the hernia was such as to require the attendance of a licensed physician within seventy-two (72) hours after such occurrence.

The decision of the administrative law judge was affirmed by the Commission with Commissioner Clark dissenting on the ground that the need for the services of a physician was demonstrated and that the rationale of *Prince Poultry Co.* v. *Stevens,* 235 Ark. 1034, 363 S.W. 2d 929 was applicable. Here the claimant attempted to see a physician on the day following the occurrence of the hernia, and there was evidence that he needed, wanted and sought the services of a physician.

The circuit court affirmed the decision of the Commission, and this appeal is from the judgment of the circuit court.

The claimant testified that at about 10:30 a.m. on May 5, 1977, he was lifting a piece of machinery when he felt "a real deep burning in my stomach right below the belt line on the right-hand side". The pain was severe, he quit working and went to the restroom for twenty to thirty minutes. He returned to work but the severe pain continued. He "puttered around", put in his time, but didn't actually work much. He made several trips to the restroom, sitting in a position to relieve the pain. He needed to work all the time possible. When he got home he lay down and told his wife about his pain. They discussed his seeing a doctor but decided to wait to see what developed. The following day he went to work, told his foreman he thought he had hurt himself, how it happened and that he had to make arrangements to see a doctor. The claimant called his family doctor, but he was not available. He explained his problem to the nurse or receptionist. On the following Thursday he was able to obtain an appointment with Dr. Richardson. From examination Dr. Richardson found that claimant had a right inguinal hernia and a successful herniorrhaphy was performed. Medical reports of Dr. Richardson were received in evidence.

Claimant's wife testified that the claimant "looked terrible" when he arrived home from work on May 5 and that he was leaning over in a bent condition. He told her about how he started hurting when he lifted something at work. He took a bath, laid down and said he'd wait about seeing a doctor and that maybe it wasn't anything serious. She testified he normally worked until he went to bed, but this night he went directly to bed. She testified his condition was such that he needed a doctor then.

The Commission erred in holding the failure to obtain the attendance of a physician within 72 hours following the occurrence barred claimant from benefits. As pointed out in the *Prince* case, the statute does not require claimant to prove he was actually attended by a physician within 72 hours after the injury. The statutory requirement is met if the evidence shows that within 72 hours after the injury the claimant's condition was such that he sought and needed the services of a physician.

The case is distinguished from *Harkleroad* v. *Cotter, et al,* 248 Ark. 810, 454 S.W. 2d 76, in that there the claimant made no effort to see a physician until eleven days after the alleged injury. Likewise, in *Lashlee Steel Company, et al* v. *Dodridge,* 250 Ark. 520, 465 S.W. 2d 691, claimant contended he was injured on a Thursday. He first saw a doctor on the following Tuesday, some five days after the injury. There was no evidence that he attempted to see a doctor within the 72 hour statutory time period.

In the case at bar evidence on the part of the claimant tends to show the pain at the time of and following the claimed injury was so severe as to cause him to stop working for twenty to thirty minutes, that he was not able to work in his usual way after the incident, the pain was brought to the attention of the claimant's wife whose testimony was corroborative of his condition, and the claimant needed and sought the services of a licensed physician within 72 hours after the injury. There was no suggestion of malingering or bad faith on the part of claimant.

The judgment of the circuit court is reversed and re-

manded with directions that the case be remanded to the Workers' Compensation Commission for further proceedings consistent with this opinion.