Alberta BRIM, Employee *v.* MID-ARK TRUCK
STOP, Employer, UNITED STATES FIDELITY AND
GUARANTY COMPANY, Insurance Carrier

CA 82-155                                        639 S.W.2d 75

Court of Appeals of Arkansas
Opinion delivered September 15, 1982
[Rehearing denied October 8, 1982.*]

*MAYFIELD, C.J., and CRACRAFT, J., would grant rehearing.

*Donald P. Chaney, Jr.* of *Wright & Chaney, P.A.,* for appellant.

*McKenzie, McRae & Vasser,* for appellees.

LAWSON CLONINGER, Judge. Appellant, Alberta Brim, has appealed the decision of the Arkansas Workers' Compensation Commission which denied her claim for temporary total disability benefits and medical expenses for an alleged job-related hernia.

Appellant urges that the Commission's decision is not supported by substantial evidence and that the doctrine of estoppel should be invoked against appellees, Mid-Ark Truck Stop, the employer, and Mid-Ark's insurance carrier.

We agree with appellant's contentions, and the decision of the Commission is reversed.

Appellant worked as a cook at Mid-Ark Truck Stop and earned $3.10 an hour. She was thirty-one years old and had an eighth grade education. She testified that on July 28, 1980 she slipped and fell on a wet floor at her place of work and that she felt something tear in the groin area.

Appellant did not see a doctor until September 2, 1980, after her condition became progressively worse, and surgery for the repair of a hernia was performed on October 1, 1980. Appellees contended that appellant had failed to satisfy the fifth requirement of the hernia statute, Ark. Stat. Ann. § 81-1313 (e) (Repl. 1976), by not actually seeing a doctor within 72 hours following the injury. There is no contention that appellant failed to prove compliance with the other four requirements of the statute.

Ark. Stat. Ann. § 81-1313 (e) (5) provides that in all cases of claims for hernia it shall be shown that "the physical distress following the occurrence of a hernia was such as to require the attendance of a licensed physician within seventy-two (72) hours after such occurrence."

The statute does not require a claimant to prove that he was actually attended by a physician within 72 hours after the injury. The statutory requirement is met if the evidence shows that within 72 hours after the injury the claimant's condition was such that he sought and needed the services of a physician. *Prince Poultry Co.* v. *Stevens,* 235 Ark. 1034, 363 S.W.2d 929 (1963); *Ammons* v. *Meuwly Machine Works,* 266 Ark. 851, 587 S.W.2d 590 (Ark. App. 1979). The issue, then, is whether there was substantial evidence to support the Commission's finding that claimant did not seek and need the services of a physician within 72 hours after the injury.

In *Prince Poultry Co.* v. *Stevens, supra,* the Arkansas Supreme Court cited with approval the interpretation given the word "required" by the Supreme Court of Mississippi in *Lindsey* v. *Ingalls Shipbuilding Corporation,* 68 So.2d 872, which was as follows:

To demand or exact as necessary or appropriate; hence to warrant; to need; call for.

Appellant in this case adequately met her burden of proof that she needed the services of a physician within 72 hours. Appellant testified that immediately after the injury her abdomen began to swell, became real sore, and was feverish. She stated that she was constantly sick at her stomach, that she could not do her housework, and could not dress herself. She said that she had to keep working but that the supervisor permitted her co-workers to do many of her tasks. Appellant's children testified that appellant came from work early because of getting sick at her stomach, and could not get in and out of bed without help. The children said the hernia was visible, and that appellant would go to bed when she came home from work and would not get up until it was time to go to work again.

The only expert testimony was given by appellant's treating physician who wrote that, in his opinion, the hernia of the type that appellant suffered from would have caused her sufficient distress to have required the services of a physician within 72 hours after its occurrence.

Appellant sufficiently sought the services of a physician within the 72-hour period. Appellant and a co-worker testified that on the day following the injury, appellant told the supervisor that she needed to see a doctor about the injury, and that the supervisor told appellant to see a doctor and bring the bill to her for reimbursement. Appellant stated that she did not see a doctor because she could not afford it. Her children needed school supplies and clothes, and she did not have sufficient money for a doctor. The supervisor testified that she did not recall the conversation. Such a statement by the supervisor could not be said to amount to a contradiction of the testimony of appellant and the other employee. *Williams Manufacturing Co.* v. *Walker,* 206 Ark. 392, 175 S.W.2d 380 (1943).

Ark. Stat. Ann. § 81-1313 (e), *supra,* also provides that in every case of hernia it shall be the duty of the employer forthwith to provide necessary and proper medical care.

In *Harkleroad* v. *Cotter*, 248 Ark. 810, 454 S.W.2d 76 (1970), the statement was made that it was incumbent upon the employer to send claimant to a doctor to determine what was the matter and the extent of his or her injury once the injury was reported to the employer. The court stated:

> The statute places a separate and direct duty on the employer to furnish the necessary and proper medical, surgical and hospital care in hernia cases, as well as in other types of injury, and we see no connection between the duty imposed by a statute upon the employer and the duty imposed by a statute upon the employee.

Hence, it would seem that this duty is an affirmative duty on the part of the employer which is separate and distinct from the duty of the employee to seek the services of a physician.

Appellant argues in the alternative that the doctrine of estoppel should have been invoked to preclude appellees from arguing that the fifth requirement of the statute was not satisfied. In *Prince Poultry Company* v. *Stevens, supra,* as in this case, the Commission found that all requirements were met except for the fifth requirement of Ark. Stat. Ann. § 81-1313 (e). In that case, the Commission concluded that it had authority to excuse non-compliance with the fifth requirement and did so since claimant did properly report his injury to the employer and since the employer did not promptly provide medical attention, but instead asked the claimant to work the following day. Furthermore, the employer told claimant that if he did not feel better within a day or two he should go to a doctor. The Arkansas Supreme Court agreed with the Commission, holding that non-compliance with the fifth requirement was excused by the employer's failure to provide prompt medical attention.

The Workers' Compensation Act is entitled to receive a liberal construction from the courts. The humanitarian objects of such laws should not, in the administration of them, be defeated by over-emphasis on technicalities, by putting form above substance. *Williams Manufacturing Co.* v. *Walker, supra.* In the case before the court there is no

intimation of bad faith or malingering on the part of appellant, and there is no serious contention by appellees that the injury resulting in the hernia was not received in the course of appellant's employment. The representative of the employer had a positive duty to furnish the necessary and proper medical attention when appellant reported the injury and the need for a physician.

We hold that appellant sought and needed the services of a physician within the 72 hours required by statute, and that the employer is estopped from insisting upon strict compliance with the statute.

The decision of the Commission is reversed and remanded with directions to enter an award for appellant for temporary total disability benefits, medical expenses, and attorney's fees for a controverted claim.

MAYFIELD, C.J., and CRACRAFT, J., dissent.

MELVIN MAYFIELD, Chief Judge, dissenting. In my opinion, the decision of the majority has overstepped the line between the function of the appellate court and that of the commission.

The Arkansas Supreme Court has drawn that line as follows:

> Upon review of a decision of the Workers' Compensation Commission, we must accept that view of the facts most favorable to the findings of the commission, weigh and interpret it along with all reasonable inferences deducible therefrom in that light, and affirm where any substantial evidence exists to support its action.

*O.K. Processing, Inc.* v. *Servold,* 265 Ark. 352, 578 S.W.2d 224 (1979).

The Arkansas Court of Appeals has stated it this way:

The issue on appeal is not whether this court would have reached the same results as the Commission on this record or whether the testimony would have supported a finding contrary to the one made; the question here is whether the evidence supports the findings which the Commission made.

*Bankston* v. *Prime West Corp.*, 271 Ark. 727, 601 S.W.2d 586 (Ark. App. 1981).

I, therefore, respectfully dissent.

CRACRAFT, J., joins in this dissent.