Lawrence L. AYRES, Employee *v.* HISTORIC PRESERVATION ASSOCIATES, Employer, and Liberty Mutual Insurance Company, Insurance Carrier

CA 87-350                                         747 S.W.2d 587

Court of Appeals of Arkansas
Division I
Opinion delivered March 30, 1988
[Rehearing denied April 27, 1988.]

*Lewis D. Jones* and *Kenneth S. Hixson,* for appellant.

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold,* for appellees.

BETH GLADDEN COULSON, Judge. Appellant, Lawrence L. Ayres, raises five points for reversal of a decision by the Arkansas Workers' Compensation Commission. We agree that the Commission erred in denying appellant compensation for a hernia he suffered while employed by appellee Historic Preservation Associates, and we accordingly reverse the order and remand the matter to the Commission for further proceedings not inconsistent with this opinion.

The record reveals that appellant is an archeologist who, at the time of his injury, was working for appellee Historic Preservation Associates, a private archeological contractor headquartered in Fayetteville, Arkansas. The firm performs archeological surveys on federal projects to ascertain the existence of sites of prehistoric importance. On Thursday, May 22, 1986, appellant was working at the Hunter Dawson State Historic Site in New Madrid, Missouri, where his team had been digging test pits and trenches for over a week. At about 2:00 p.m., appellant was assisting in the closing and cleaning of the site, pulling steel fence posts out of the ground, when he felt what he described in his testimony as a "sharp, severe pain" in the umbilical area. Suspecting a hernia, he immediately stopped working and reported the sensation to his site supervisor, Richard Kandare, who directed him not to engage in any more hard work. After a fifteen or twenty minute pause appellant began picking up small pieces of plastic and writing notes on the project—the only labor he performed for the rest of the afternoon. Kandare made a notation in his logbook that "Larry [Ayres] mentioned getting a hernia."

The following day, Friday, May 23, 1986, appellant and his team returned to Fayetteville in the company truck. During the seven and one-half hour trip, appellant reported the incident to his employer, Timothy C. Klinger, who subsequently instructed Kandare to limit appellant's work activity to very light duties entailing no lifting. Appellant informed Klinger that he would contact his own physician for treatment. Over the weekend, appellant and his wife worked, as usual, as "part-time parents" at a boys' home in Rogers and returned to Fayetteville on Sunday afternoon. Because Monday, May 26, 1986, was observed as Memorial Day, appellant waited until Tuesday to call his physician, Dr. Dale Clemons, for an appointment. Dr. Clemons saw him on the morning of Wednesday, May 28, 1986, and diagnosed his condition as an umbilical hernia.

Appellee Historic Preservation Associates denied appellant's claim for compensation, contending that he had failed to comply with the requirements of § 13(e) of the Arkansas Workers' Compensation Law, Ark. Code Ann. § 11-9-523(a) (1987) [Ark. Stat. Ann. § 81-1313(e) (Repl. 1976)]. That section provides that:

> (a) In all cases of claims for hernia, it shall be shown to the satisfaction of the commission:

> (1) That the occurrence of the hernia immediately followed as the result of sudden effort, severe strain, or the application of force directly to the abdominal wall;

> (2) That there was severe pain in the hernial region;

> (3) That the pain caused the employee to cease work immediately;

> (4) That notice of the occurrence was given to the employer within forty-eight (48) hours thereafter;

> (5) That the physical distress following the occurrence of the hernia was such as to require the attendance of a licensed physician within seventy-two (72) hours after the occurrence.

Appellee's objections to appellant's claim were grounded specifically on subsections 2, 3, and 5. An administrative law judge found that appellant had sustained a compensable hernia, but, in

an opinion filed on July 2, 1987, the Workers' Compensation Commission reversed the law judge's decision on the basis that appellant had failed to satisfy the provisions of § 13(e). From that decision, this appeal arises.

■ It is the duty of this court to review the evidence in the light most favorable to the decision of the Workers' Compensation Commission and to uphold that decision if it is supported by substantial evidence. *Perry* v. *Leisure Lodges, Inc.*, 19 Ark. App. 143, 718 S.W.2d 114 (1986). Having fulfilled our responsibility to review the evidence in the light most favorable to the Commission's decision, we are nonetheless persuaded that the order in question was not supported by substantial evidence. The facts in this case are not in dispute. At issue, instead, are the legal effects of the facts, which are within our province as an appellate court.

■ In his first argument for reversal, appellant contends that the Commission failed to afford him a liberal construction of § 13(e) of the Workers' Compensation Law, misreading the technical requirements of the statute. Those requirements are designed to make an award of compensation for a hernia dependent on the manner in which the hernia occurred rather than on its mere existence and to separate congenital or pre-existing hernias from those resulting from trauma or effort at work. *King* v. *Puryear Wood Products*, 254 Ark. 452, 494 S.W.2d 123 (1973). It is, however, of primary importance to carry out the humane purpose of the Workers' Compensation Law. *Central Maloney, Inc.* v. *York*, 10 Ark. App. 254, 663 S.W.2d 196 (1984). That the Commission failed to do so in the present case is evident in its application of the requirements of § 13(e). Because appellant's first point is simply a broader statement of arguments more fully developed in his second, third, and fourth points, we will address the question of the Commission's failure to afford appellant the benefit of a liberal construction of § 13(e) as we discuss the more specific issues raised.

■ Appellant's second point for reversal is that the Commission erred in failing to find that the physical distress suffered by appellant "following the occurrence of the hernia was such as to require the attendance of a licensed physician within seventy-two (72) hours after the occurrence." Ark. Code Ann. § 11-9-523(a)(5) (1987), from which the quoted language was taken, is

prefaced by the requirement that the "physical distress" caused by a hernia "shall be shown to the satisfaction of the commission." This phrase, which applies to each of the five subsections of § 13(e), refers, of course, to the Commission's own standard of review, which imposes upon that body the duty of making its findings in accordance with a preponderance of the evidence. *See McCoy* v. *Preston Logging,* 21 Ark. App. 68, 728 S.W.2d 520 (1987).

■ In *Brim* v. *Mid-Ark. Truck Stop,* 6 Ark. App. 119, 639 S.W.2d 75 (1982), this court reversed a Commission decision denying benefits to a claimant who sustained a hernia on July 28, 1980, and did not see a physician until September 2, 1980—thirty-six days later. Explaining subsection (5), we said:

> The statute does not require a claimant to prove that he was actually attended by a physician within 72 hours after the injury. The statutory requirement is met if the evidence shows that within 72 hours after the injury the claimant's condition was such that he sought and needed the services of a physician. *Prince Poultry Co.* v. *Stevens,* 235 Ark. 1034, 363 S.W.2d 929 (1963); *Ammons* v. *Meuwly Machine Works,* 266 Ark. 851, 587 S.W.2d 590 (Ark. App. 1979).

> . . .

> In *Prince Poultry Co.* v. *Stevens, supra,* the Arkansas Supreme Court cited with approval the interpretation given the word "required" by the Supreme Court of Mississippi in *Lindsey* v. *Ingalls Shipbuilding Corporation,* 68 So.2d 872, which was as follows:

> To demand or exact as necessary or appropriate; hence to warrant; to need; call for.

6 Ark. App. at 121-122, 693 S.W.2d at 76. The only condition for satisfaction of the statutory requirement under *Brim,* then, was that a claimant "required" the services of a physician within seventy-two hours of the occurrence of the injury.

Subsequently, this court, in *Osceola Foods, Inc.* v. *Andrew,* 14 Ark. App. 95, 685 S.W.2d 813 (1985), affirmed the award of benefits to a claimant seeking compensation for a hernia. We

cited *Brim* and held specifically that "The diagnosis of a hernia would confirm the need of the services of a physician which is all that section requires." 14 Ark. App. at 103, 685 S.W.2d at 818.

In the present case, appellant immediately reported what he believed to be a hernia to his site supervisor, Richard Kandare, who noted the incident in his log book. On the next day, he reported the hernia to Timothy Klinger, the owner and operator of appellee Historic Preservation Associates, immediately upon his return to the home office. Due to the holiday weekend, appellant did not make arrangements to see his physician until Tuesday. The doctor was unable to examine appellant until the next day, Wednesday, but was able, upon examination, to diagnose appellant's condition as an umbilical hernia and informed appellant that surgery would be required. These facts not only establish by a preponderance of the evidence that appellant complied with the requirement of Ark. Code Ann. § 11-9-523(a)(5) (1987), but necessarily lead us to the conviction the Commission's conclusion in this regard is not supported by substantial evidence. The diagnosis confirmed the need of a physician's services. *See Osceola Foods, Inc.* v. *Andrew, supra.*

For his third point for reversal, appellant contends that the Commission erred in failing to find that he had ceased work immediately as required by Ark. Code Ann. § 11-9-523(a)(3) (1987). The difficulty for the Commission appears to have been the fact that appellant resumed work, although light duty, shortly after reporting the hernia to the site supervisor. The record shows, however, that appellant immediately stopped the heavy lifting that caused the pain and reported to Richard Kandare. After fifteen or twenty minutes, appellant returned to work, at the direction of his supervisor, but only to pick up paper and plastic and to make notes on the project.

This court dealt with the question of immediate cessation of work in *Osceola Foods, Inc.* v. *Andrew, supra*, where, in strikingly similar circumstances, the claimant had stopped working for fifteen or twenty minutes and then continued working for the rest of the day and until noon on the following day. We stated:

> Appellants argue that so short a pause in his work is not sufficient to meet the third statutory requirement of immediate cessation and that to hold otherwise would

defeat the purpose of the requirement. We agree that due to possible uncertainty in determining which of several causes may have produced a hernia this requirement, among others, was made because a dramatic demonstration of the causal connection between the work strain and the hernia leaves little doubt as to cause and effect. However, we do not agree that such causal connection can be dramatically manifested only by an instantaneous and continual cessation of work. Nor should the causal connection be determined by mathematical formulas or measured by minutes or hours. It should be based on evidence which satisfies the finder of fact that the cessation from work became necessary soon enough after the trauma to establish that there was a causal connection under the circumstances of the case.

14 Ark. App. at 99-100; 685 S.W.2d at 816. Again, the record indicates compliance with the statutory requirement on appellant's part, and we are unable to see how the Commission's conclusion on this point could be said to have been supported by substantial evidence.

Appellant argues in his fourth point for reversal that the Commission erred in failing to find that he suffered "severe pain in the hernial region" as required by Ark. Code Ann. § 11-9-523(a)(2) (1987). In a statement made to appellee Liberty Mutual Insurance Company's adjuster, appellant described his pain as "sudden" rather than "severe," a word choice the Commission apparently deemed significant. We do not put semantics before substance; it is clear that the Commission's reading of appellant's description of his pain as something less than severe is not supported by substantial evidence.

Appellant's fifth, and final, point for reversal is argued in the alternative. Appellant asserts that the Commission erred in failing to find that appellee had a separate and affirmative duty to provide reasonable medical expenses. Because we find the Commission's decision is not supported by substantial evidence, it is unnecessary for us to address this issue.

Reversed and remanded.

JENNINGS and COOPER, JJ., agree.