## CAGLE FABRICATING AND STEEL, INC. *v.* Roger D. PATTERSON

CA 90-481                                       827 S.W.2d 660

Court of Appeals of Arkansas
Division II
Opinion delivered February 12, 1992

*Wayne Harris*, for appellant.

*Eldon F. Coffman*, for appellee.

PER CURIAM. Appellee's motion for attorney's fee is granted.

MELVIN MAYFIELD, Judge, dissenting. The majority of this court has today granted the appellee's motion for attorney's fee in the above styled case. I dissent.

This case was appealed from the Arkansas Workers' Compensation Commission. By a three to three vote this court affirmed the Commission's award of compensation to the appellee. *See Cagle Fabricating and Steel, Inc.* v. *Patterson*, 36 Ark. App. 49, 819 S.W.2d 14 (1991).

Appellee's motion was based upon Ark. Code Ann. § 11-9-715(b)(1) (1978), which provides:

> (b)(1)   In addition to the fees provided in subdivision (a)(1) of this section, if the claimant prevails on appeal, the attorney for the claimant shall be entitled to an additional fee at the full commission and appellate court levels, the additional fee to be paid equally by the employer or carrier and by the injured employee or dependents of a deceased employee, as provided above and set by the commission or appellate court.

The problem with allowing appellee's motion at this time is the fact that this case is now in the Arkansas Supreme Court on review under Arkansas Supreme Court Rule 29(6). Our decision was handed down on November 6, 1991; the Supreme Court granted review on December 9, 1991.

Under the plain terms of the above statute "if the claimant prevails on appeal" his attorney is entitled to an additional fee "at

the full commission and appellate court levels." What if the Supreme Court reverses our decision and finds for the employer? In that event, did the claimant prevail at the "appellate court" level. I think it would be best to simply leave this issue to the Supreme Court. Thus, I would certify the motion to that court for it to act upon after it has reviewed our decision.

Therefore, I dissent from the decision of this court which allows the appellee's motion for attorney's fee.

CRACRAFT, C.J., joins.