## CAGLE FABRICATING AND STEEL, INC., et al. *v.* Roger D. PATTERSON

91-322                                                     830 S.W.2d 857

Supreme Court of Arkansas
Opinion delivered May 18, 1992

*Warner & Smith*, by: *Wayne Harris*, for appellant.

*Daily, West, Core Coffman, & Canfield*, by: *Eldon F. Coffman* and *Douglas M. Carson*, for appellee.

JACK HOLT, JR., Chief Justice. This is an appeal from a tie decision of the Arkansas Court of Appeals and its affirmance of the Workers' Compensation Commission's award to the appellee, Roger Patterson, of compensation benefits upon a finding that he had sustained a work-related hernia. *Cagle Fabricating & Steel Inc., et al. v. Patterson*, 36 Ark. App. 49, 819 S.W.2d 14 (1991). Certiorari was granted under Ark. Sup. Ct. R. 29(6)(c). The appellants, Cagle Fabricating and Steel, Inc., et al. (Cagle), assert that the court of appeals' decision is not supported by

substantial evidence and is contrary to law. We agree and reverse and remand.

The underlying facts of Mr. Patterson's injury are set out in the court of appeals' opinion as follows:

The record contains evidence that on December 28, 1988, Patterson, a 29-year-old welder, was pulling a sixty-pound part from a jig when he felt a pulling sensation on his right testicle. He testified that he had a sudden flash of severe pain; that he stopped work and reported the incident to his supervisor; and that the lunch bell rang about that time. The pain subsided during the lunch hour and he went back to work. He said he worked for the next two weeks with a nagging pain which was not really severe but which got worse, and by January 16 the pain became so severe that he went to see his doctor.

In a letter dated March 1, 1989, Dr. W.F. Dudding stated that he saw the claimant on January 16, 1989, and his examination, 'revealed tenderness in the right testicle with no marked epidymal swelling, a mild fingertip inguinal hernia on the right with tenderness in this area.' His letter then states that 'a diagnosis of inguinal strain versus small hernia versus epididymitis was entertained and patient was treated with anti-inflammatory medication for about a week.' The letter also stated that the claimant suffered increasing discomfort and that Dr. Dudding sent the claimant to see a surgeon, Dr. John J. Weisse, who found an inguinal hernia and repaired it on January 20, 1989. Dr. Dudding's letter of March 1, 1989, also stated that the 'facts are consistent with an on-the-job injury on December 28, 1988, as per Mr. Patterson's story,' and 'it is not unusual that a very small hernia be very painful, yet still be very difficult to detect even by a professional let alone a layman who could not be expected to determine what the problem was.'

The history and physical report made by Dr. Weisse for the claimant's admission to the hospital states that the doctor's examination had 'confirmed a right inguinal hernia.' As his 'impression at the time of admission,' Dr. Weisse recorded a 'job related right inguinal hernia.' The 'opera-

tive report' lists the postoperative diagnosis as a 'right direct inguinal hernia,' and describes in detail the 'hernia repair procedure' which occurred on January 20, 1989.

Arkansas Code Ann. § 11-9-523 (1987) addresses compensation for a hernia disability and provides in pertinent part as follows:

(a) In all cases of claims for hernia, it shall be shown to the satisfaction of the commission:

(1) That the occurrence of the hernia immediately followed as the result of sudden effort, severe strain, or the application of force directly to the abdominal wall;

(2) That there was severe pain in the hernial region;

(3) That the pain caused the employee to cease work immediately;

(4) That the notice of the occurrence was given to the employer within forty-eight (48) hours thereafter;

(5)That the physical distress following the occurrence of the hernia was such as to require the attendance of a licensed physician within seventy-two (72) hours after occurrence.

In this case, the Commission initially held that these criteria had been met and made the following findings of fact:

We find that Patterson's efforts of pulling on the jig and feeling sudden pain in his testicle constitute the sudden effort and severe pain satisfying the first two criteria. The Administrative Law Judge erred in ruling that the occurrence of the hernia did not 'immediately' follow the pulling incident, since 'immediately' does not mean 'instantly'; rather, it is only necessary for the hernia to occur in a time and manner making clear the causal connection between it and the strain that occurred. *Osceola Foods, Inc.* v. *Andrew*, 14 Ark. App. 96, 685 S.W.2d 813 (1985). We find such to be the case, because Patterson ceased working and complained to his supervisor contemporaneously with the incident. Thus, it can be seen that all requirements of the statute are met if Patterson's physical distress was such

that the attendance of a licensed physician was required within seventy-two (72) hours after the occurrence. The law on this point has been set out in *Ayres* v. *Historic Preservation Associates*, 24 Ark. App. 40, 747 S.W.2d 587 (1988):

\*     \*     \*     \*

We understand the requirements of the fifth subsection to have been effectively negated by the *Ayres* holding. If the diagnosis of a hernia confirms the fact that the claimant needs a physician, it logically follows that that any claimant who can prove a work-related hernia has satisfied the fifth requirement. *Since we find that Patterson did comply with subsections 1 through 4 and that the injury did occur within the scope and course of his employment, he has met his burden of proof under Section 523(a) and is entitled to appropriate benefits.*

(Emphasis added.)

The court of appeals analyzed these findings and determined that all five elements of section 11-9-523(a) had been satisfied; we agree with, and countenance, the court of appeals' analysis of the first four elements in its opinion as follows:

In its opinion the Commission held that the first two requirements of Ark. Code Ann. § 11-9-523(a) (1987) were met because under the law 'it is only necessary for the hernia to occur in a time and manner making clear the causal connection between it and the strain that occurred.'

As to statutory requirements three and four, the Commission's opinion states, 'The employer appears not to deny that Patterson ceased working and complained to his supervisor contemporaneously with the incident.' This is, of course, a finding of fact. Moreover, no one testified in this case except the claimant. We have already detailed his testimony as to the 'sudden flash of severe pain' and that he stopped work and reported the incident to his supervisor. In fact, he testified that he 'stepped back and put my hands on the table, waited a second' and 'hollered to the shop foreman.' Certainly there is substantial evidence to sup-

port the Commission's finding that the third and fourth statutory requirements were met.

As to the fifth element, we agree with the court of appeals that the "Commission was . . . in error in its . . . statement that 'if the diagnosis of a hernia confirms the fact that the claimant needs a physician, it logically follows that any claimant who can prove a work-related hernia has satisfied the fifth requirement.' " *See Ayres* v. *Historic Preservation Associates, supra* (citing *Osceola Foods, Inc.* v. *Andrew*, 4 Ark. App. 95, 685 S.W.2d 813 (1985)).

■ However, we cannot accept their finding that the fifth element has been shown by the Commission's statement that Patterson had "met his burden of proof under section 523(a)." The Commission was required to find as facts the basic component elements on which its conclusion was based pursuant to section 11-9-523(a), of which a showing that the physical distress following the occurrence of the hernia was such as to require the attendance of a physician within 72 hours after the occurrence is a necessary component. Subsection 11-9-523(a)(5) means that the claimant must demonstrate that there was a need to consult a doctor within the 72 hour period.

In *Jones* v. *Tyson Foods, Inc.*, 26 Ark. App. 51, 759 S.W.2d 578 (1988), it was noted that it is the duty of the Commission to make findings according to a preponderance of the evidence, and that the right to find the facts carries with it a duty to find the facts. In that case, the Commission stated in its opinion that "[w]e have carefully reviewed the entire record herein and after according the claimant the benefit of liberal construction to which she is entitled, we specifically find that the claimant failed to meet her burden of proof by a preponderance of the credible evidence of record." The court of appeals held that the Commission's decision did not make specific findings that an appellate court could review and reversed and remanded the decision to the Commission.

■ We find that the Commission's language relating to the fifth element in this case is similar to that used in *Jones* in that it is conclusory and does not detail or analyze the facts upon which it is based. Consequently, we reverse the court of appeals' decision and remand this matter for a new decision based upon a specific

finding regarding compliance with subsection 11-9-523(a)(5).

Reversed and remanded.