DEFFENBAUGH INDUSTRIES and Travelers Insurance
Company *v.* Earl ANGUS

CA 91-247                                          837 S.W.2d 297

Court of Appeals of Arkansas
En Banc
Opinion delivered October 7, 1992

*Michael Ryburn*, for appellants.

*Edward Schieffler*, for appellee.

PER CURIAM. Appellee's motion for attorney's fee is granted. *See Cagel Fabricating and Steel, Inc.* v. *Patterson*, 37 Ark. App. 85, 827 S.W.2d 661 (1991).

MELVIN MAYFIELD, Judge, dissenting. The majority of this court has today granted the appellee's motion for attorney's fee in the above styled case. I dissent.

This case was appealed from the Arkansas Workers' Compensation Commission. In an en banc decision handed down on July 8, 1992, we affirmed the Commission's decision. *See Deffenbaugh Industries* v. *Angus*, 39 Ark. App. 24, 832 S.W.2d 869 (1992).

Appellee's motion is based upon Ark. Code Ann. § 11-9-715(b)(1) (1978), which provides:

> In addition to the fees provided in subdivision (a)(1) of this section, if the claimant prevails on appeal, the attorney for the claimant shall be entitled to an additional fee at the full commission and appellate court levels, the additional fee to be paid equally by the employer or carrier and by the injured employee or dependents of a deceased employee, as provided above and set by the commission or appellate court.

My problem with appellee's motion at this time is the fact that the Arkansas Supreme Court granted review of our decision on September 14, 1992. Under the plain terms of the above statute "if the claimant prevails on appeal" his attorney is entitled to an additional fee "at the full commission and appellate court

levels." What if the Supreme court reverses our decision and finds for the employer? In that event, did the claimant prevail at the "appellate court" level?

This same problem has arisen before, and I dissented then for the same reason, and in almost the same words, as I dissent today. *See Cagle Fabricating and Steel, Inc.* v. *Patterson*, 37 Ark. App. 85, 827 S.W.2d 661 (1991). We granted an attorney's fee to the appellee in that case, and the Arkansas Supreme Court accepted review, reversed our decision, and remanded the matter to the Commission for a new decision. *See Cagle Fabricating & Steel, Inc.* v. *Patterson*, 309 Ark. 365, 830 S.W.2d 857 (1992). In that court's proceedings of May 26, 1992, Cagle's motion to review our award of attorney's fee was denied, but no opinion was written on the denial. Therefore, I do not know the basis of that decision.

Because the proper resolution of the issue is still unclear to me, I dissent from the allowance of an attorney's fee by this court under the circumstances involved. I would certify the motion to the Arkansas Supreme Court so the motion could be acted upon by that court at the same time it reviews our decision on the merits of the Commission's decision.