DARLING STORE FIXTURES v. Rayburn McDONALD

CA 95-902 922 S.W.2d 748

Court of Appeals of Arkansas
Division II
Opinion delivered June 5, 1996

*Penix, Penix, Lusby & Nix*, by: *Richard Lusby*.

No response.

MELVIN MAYFIELD, Judge. The appellee, Rayburn McDonald, was awarded compensation for a work-related hernia by the administrative law judge, and the Arkansas Workers' Compensation Commission affirmed and adopted the law judge's decision. Appellant has appealed, claiming that appellee failed to meet two of the criteria for a hernia to be compensable: (1) severe pain in the hernial region; and (2) physical distress so severe that it required the attendance of a licensed physician within seventy-two hours.

McDonald, who appeared before the Commission pro se, testified that he was employed by appellant as the lead man over the tool and die room on the second shift, 2:45 p.m. to 12:00 midnight. On July 5, 1994, while several people were on vacation, he was asked to cut some holes in an "Arkwell" fixture. At the hearing McDonald produced a picture of the fixture, which the law judge described in his opinion as depicting "a rather large piece of equipment which appeared quite heavy." McDonald said he had to remove the bolts and dowels and move a part of the fixture to the band saw in order to cut the requested holes. To do this he put his hip under an extruding portion of the fixture and held it against his stomach to lift it to a cart.

When McDonald lifted the fixture he felt a pain, stretching sensation, and burning in his left side where he had previously had surgery for a hernia. McDonald said his supper time was 8:30 — 9:00 p.m., and he thought this happened shortly before 8:30 because he remembered pushing the fixture over to the saw before supper. He then sat down to eat, and during that time the pain and burning in his side eased up. The rest of the night when he would get in a certain position he would feel a sticking or pinching sensation. About 11:00 p.m. he went to the "Arkwell" supervisor and told him of the incident. The supervisor sent him to first aid and said he would be with him in a few minutes. However, the supervisor never came, so about quitting time McDonald went back to the supervisor and was told that he had forgotten about McDonald. The supervisor then called the time officer and had the incident entered in the first aid log. McDonald then went home.

McDonald testified that he felt nothing unusual the next day, but gradually, over the next few days, he developed a bulge which continuously got larger. On July 23 he asked his supervisor to get him an appointment with the human-resource person, Pam Steele. It was several days before he got to see her. He asked her to make him a doctor's appointment but she refused, and she telephoned the appellant's insurance carrier, Sedgwick James. McDonald was interviewed on the telephone and was told that his claim was denied, and they would not send him to a doctor. A few days later he went to his own doctor. At the hearing McDonald said he was waiting to have hernia surgery, and he wanted appellant to pay for it.

 Arkansas Code Annotated § 11-9-523 (Repl. 1996) provides in part:

> (a) In all cases of claims for hernia, it shall be shown to the satisfaction of the commission:

> (1) That the occurrence of the hernia immediately followed as the result of sudden effort, severe strain, or the application of force directly to the abdominal wall;

> (2) That there was severe pain in the hernial region;

> (3) That the pain caused the employee to cease work immediately;

> (4) That notice of the occurrence was given to the employer within forty-eight (48) hours thereafter; and

> (5) That the physical distress following the occurrence of the hernia was such as to require the attendance of a licensed physician within seventy-two (72) hours after the occurrence.

Appellant's first argument is that there is no substantial evidence to support the finding of the Commission that McDonald met the statutory requirement of severe pain in the hernial region. It contends that McDonald never experienced the "severe pain" required by the second criterion in the hernia statute. McDonald said he felt as if he had "stretched" something, pulled something, that he felt "a slight burning sensation," and a sticking or pinching feeling in certain positions. McDonald also testified that he had previously experienced a double hernia, and it had developed more slowly than the present one did. He said he had a high pain

threshold and never felt excruciating pain, even with the double hernia.

In *Ayres v. Historic Preservation Associates,* 24 Ark. App. 40, 747 S.W.2d 587 (1988), this court stated:

> Appellant argues in his fourth point for reversal that the Commission erred in failing to find that he suffered "severe pain in the hernial region" as required by Ark. Code Ann. § 11-9-523(a)(2) (1987). In a statement made to appellee Liberty Mutual Insurance Company's adjuster, appellant described his pain as "sudden" rather than "severe," a word choice the Commission apparently deemed significant. We do not put semantics before substance; it is clear that the Commission's reading of appellant's description of his pain as something less than severe is not supported by substantial evidence.

24 Ark. App. at 47, 747 S.W.2d at 591. And, as noted in *Ayres,* Ark. Code Ann. § 11-9-523(a) provides that each of the five criteria "shall be shown to the satisfaction of the commission." We cannot say that the Commission's finding on this point was not supported by substantial evidence.

Appellant also argues that there is no substantial evidence to support the finding of the Commission that McDonald suffered physical distress which required the attendance of a licensed physician within seventy-two hours. This is the fifth prerequisite for finding a hernia to be compensable. But Ark. Code Ann. § 11-9-523(b)(1) provides:

> In every case of hernia, it shall be the duty of the employer forthwith to provide the necessary and proper medical, surgical, and hospital care and attention to effectuate a cure by radical operation of the hernia, to pay all reasonable expenses in connection therewith, and, in addition, to pay compensation not exceeding a period of twenty six (26) weeks.

Appellant claims that when McDonald told his supervisor he had hurt himself and went to first aid, he was not doing it because he was in such severe pain that he wanted immediate medical care; he was simply following procedure for reporting a claim. Appellant argues that nothing in McDonald's testimony suggests he was in

such physical distress that he required the attention of a physician. In fact, appellant argues, it was two and one-half weeks before McDonald felt the need to see a doctor; that it was several days between the time he asked to see the human-resource director and when he actually saw her; and that even more time elapsed after his claim was refused before he went to his own physician.

■ Again, the Commission found that this did not bar recovery, and we agree. We have held that we cannot be hypertechnical when construing the statute regarding hernia.

■ In *Cagle Fabricating & Steel, Inc.* v. *Patterson*, 42 Ark. App. 168, 856 S.W.2d 30 (1993), we said:

> Arkansas Code Annotated § 11-9-523(a) requires a showing that "the physical distress following the occurrence of the hernia was such as to require the attendance of a licensed physician within seventy-two (72) hours after the occurrence." A claimant need not prove that he was *actually* attended by a physician within 72 hours after the injury; instead, the statute provides only that the physical distress following the occurrence of the hernia was such as to *require* the attendance of a physician within the 72-hour-period. *Cagle Fabricating and Steel, Inc.* v. *Patterson*, 36 Ark. App. 49, 819 S.W.2d 14 (1991), *rev'd on other grounds*, 309 Ark. 365, 830 S.W.2d 857 (1992). [Emphasis in the original.]

> In the case at bar, the Commission on remand found that the physical distress experienced by the appellee following the occurrence of the hernia was such as to require the attendance of a physician within the 72-hour-period. Although the record shows that the appellee did not seek medical treatment until more than two weeks after the occurrence, the Commission noted that the appellee continued to experience discomfort and periodic episodes of severe pain during this time. The Commission also relied on testimony that the appellee is "stubborn about going to a doctor," and that he did not seek medical attention sooner because he "thought it would work itself out." Viewing the evidence in the light most favorable to the appellee, we cannot say that the Commission erred in finding that the appellee's physical distress was such to require the services of a physician within 72 hours after the occurrence.

42 Ark. App. 172, 856 S.W.2d at 32.

 Likewise, in the instant case, McDonald experienced continuing discomfort and a constantly enlarging bulge. The Commission found this to be sufficient to meet the fifth criterion, and we agree.

Affirmed.

COOPER and STROUD, JJ., agree.